Marceline M. **DONALDSON**, Appellant,

v.

The **PILLSBURY CO.**, et al., Appellee.

No. 75–1921.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 22, 1976.

Decided Feb. 5, 1976.

---

Deborah M. Greenberg, New York City, and Percy L. Julian, Jr., Madison, Wis., for appellant.

Thomas P. Kane, Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, Minn., for appellees.

Before LAY, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

Plaintiff Donaldson, a black woman, alleges that her employer, Pillsbury, has committed various discriminatory acts against her and other black and female employees. On September 17, 1975, the district court denied plaintiff's motion for class certification, reserving the right to alter or amend, under Fed.R.Civ.P. 23(c)(1). On November 10, the district court denied plaintiff's motion to reconsider this order, and refused to certify the question for appeal under 28 U.S.C. § 1292(b). On November 12, notice of appeal from the order of November 10 was filed. Defendants have moved to dismiss the appeal for want of jurisdiction. The appeal must be dismissed because the order is not appealable.

■ Plaintiff asserts that the November 10 order refusing to reconsider the denial of class status is appealable under 28 U.S.C. § 1292(a)(1), as an interlocutory order refusing an injunction. Section 1292(a)(1) allows interlocutory appeals from orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . ." This exception to the final judgment rule was enacted because of "a developing need to permit litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence." *Baltimore Contractors, Inc. v. Bodinger*, 348 U.S. 176, 181, 75 S.Ct. 249, 252, 99 L.Ed. 233 (1955). *See generally Stewart-Warner Corp. v. Westinghouse Electric Corp.*, 325 F.2d 822, 829–30 (2nd Cir. 1963) (Friendly, J., dissenting), *cert. denied*, 376 U.S. 944, 84 S.Ct. 800, 11 L.Ed.2d 767 (1964).

A number of circuits have extended the injunction exception to orders denying class certification, where injunctive relief is sought on behalf of the class. The rationale of these cases has been that, by refusing class status, the trial court has narrowed the scope of injunctive relief which can be obtained in the action. *Jenkins v. Blue Cross Mutual Hosp. Ins., Inc.*, 522 F.2d 1235 (7th Cir. 1975); *Jones v. Diamond*, 519 F.2d 1090 (5th Cir. 1975); *Price v. Lucky Stores, Inc.*, 501 F.2d 1177 (9th Cir. 1974); *Yaffe v. Powers*, 454 F.2d 1362 (1st Cir. 1972); *Brunson v. Board of Trustees*, 311 F.2d 107 (4th Cir. 1962). *Contra, Williams v. Mumford*, 167 U.S.App.D.C. 125, 511

F.2d 363 (1975); *City of New York v. International Pipe and Ceramics Corp.*, 410 F.2d 295 (2nd Cir. 1969).

■■ If plaintiff had appealed from the order denying class certification, we would have to decide whether to follow this line of cases and hear the appeal. However, she appeals only the November 10 refusal to reconsider the denial of class status.[1] This order is plainly not appealable.

Appellant argues, in effect, that if the first refusal to certify is appealable under § 1292(a)(1), then the subsequent refusal to reconsider is also appealable under that section. This argument is not well taken.

Hearing this appeal would not serve the purpose of the injunction exception. Courts extending the injunction exception to class certification orders recognize that this exception to the final judgment rule is a "narrow" one. *See Jones v. Diamond*, 519 F.2d 1090, 1095, n. 7 (5th Cir. 1975). They extend the exception as far as they do only because they feel it is necessary to achieve the purpose behind § 1292(a)(1) allowing review of district court action having "serious, perhaps irreparable consequences." *Id.* at 1095–96. This reason for allowing an appeal is not present here. Plaintiff had every opportunity to avoid the serious, irreparable consequences of denial of class certification, by appealing from the original order denying certification, but she did not do so within the time allowed.

To hear this appeal would conflict with the purposes of the final judgment rule, because it would encourage piecemeal review. If plaintiff's argument were accepted, a party whose motion for class certification was denied could appeal the denial at any time, simply by moving for reconsideration in the district court, and appealing a denial of reconsideration. There is no compelling reason for so encouraging interlocutory appeals.

■ Neither the language nor the purpose of § 1292(a)(1) makes this order appealable. To hear the appeal would conflict with the final judgment rule. Accordingly, we conclude that the district court's order is not the "refusing of an injunction", required by § 1292(a)(1), and is not appealable.

Defendant's motion is granted, and the appeal is dismissed.

1. The notice of appeal refers only to the November 10 refusal to reconsider; it does not purport to appeal the September 17 refusal to certify. Moreover, if this were treated as an appeal from the September 17 order, it would be untimely. The thirty day notice of appeal requirement of Fed.R.App.P. 4(a) applies to interlocutory orders appealable as of right. *See* 9 J. Moore, *Federal Practice* ¶ 110.21; *See also Dahlen v. Kramer Mach. and Eng. Prods. Co.*, 303 F.2d 293 (10th Cir. 1961); *Stiller v. Squeeze-a-Purse Corp.*, 251 F.2d 561 (6th Cir. 1958). Notice of appeal here was not filed within thirty days of the refusal to certify.