Linda JOHNSON and United Paperworkers International Union, AFL–CIO, Appellants,

v.

NEKOOSA–EDWARDS PAPER COMPANY, Appellee.

Linda JOHNSON and United Paperworkers International Union, AFL–CIO, Plaintiffs,

and

Equal Employment Opportunity Commission, Plaintiff-Intervenor-Appellant,

v.

NEKOOSA PAPERS, INC. (Ashdown, Arkansas), Defendant-Appellee.

Nos. 76–1686, 76–1819.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1977.

Decided June 2, 1977.

Rehearing and Rehearing En Banc Denied June 24, 1977.

Pamela D. Walker, on brief, Little Rock, Ark., for appellants in case No. 76–1686.

Gerald D. Letwin, EEOC, Washington, D. C., for appellant, EEOC, in case No. 76–1819.

LeRoy Autry, on brief, Texarkana, Ark., for appellee in case No. 76–1686 and case No. 76–1819.

Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Charles L. Reischel, and Marian Halley, Attys. of EEOC, Washington, D. C., amicus curiae.

Before CLARK, Associate Justice, Retired,* GIBSON, Chief Judge, and HEANEY, Circuit Judge.

HEANEY, Circuit Judge.

This action was filed by Linda Johnson and the United Paperworkers International Union against Nekoosa Papers, Inc., alleging the existence of sex discrimination in its employment practices at Nekoosa's Ashdown, Arkansas, facilities. The named plaintiffs sought to represent a class including all past and present female employees and all female job applicants who were denied employment opportunities because of their sex. The Equal Employment Opportunity Commission (EEOC) was allowed to intervene. The District Court initially certified the class to include only present employees but later decertified the class entirely and ruled that "the EEOC may not expand the scope of this action beyond that which the Plaintiffs are permitted to pursue."[1] The District Court's decision to decertify the class and to limit the scope of the EEOC's intervention is challenged in this consolidated appeal.[2]

Prior to bringing this action, Johnson and the Union had filed a charge with the EEOC alleging that "[f]emale employees have been denied job opportunities, wages and fringe benefits because of their sex, including but not limited to the treatment of maternity conditions by the employer."[3] After an investigation, the EEOC found reasonable cause to believe that Nekoosa discriminated against women in violation of Title VII with respect to maternity benefits, job opportunities and wages. The EEOC issued its determination of probable cause on June 19, 1974, and indicated that an EEOC representative would be in con-

tact with each party in the near future to begin conciliation. In early August, 1974, the attorney for Nekoosa contacted the EEOC by letter and telephone seeking to expedite the conciliation process. The EEOC did not respond to Nekoosa's overtures. The EEOC issued a right-to-sue letter to Johnson and the Union at their request on August 19, 1974. This action was filed on September 9, 1974.

I.

We first consider the threshold question of whether we have jurisdiction to hear an appeal from the order of the District Court denying class certification. Under the circumstances of this case we hold that the order is not appealable and, therefore, dismiss the appeal in No. 76–1686.

■ As this Court recently noted, "nearly every court which has considered the question has found that a discretionary order refusing to certify a class is not in itself appealable." *In Re Piper Aircraft Dist. Sys. Antitrust Lit.,* 551 F.2d 213, 217 (8th Cir. 1977). Appeals have been permitted, however, under 28 U.S.C. § 1291 when the denial of class certification as a practical matter sounds the death knell of the action, *Livesay v. Punta Gorda Isles, Inc.,* 550 F.2d 1106, 1108 (8th Cir. 1977); *Eisen v. Carlisle & Jacquelin,* 370 F.2d 119, 120–121 (2nd Cir. 1966), *cert. denied,* 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598 (1967); or under the collateral order doctrine when the issue is "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated;" *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528

---

\* TOM C. CLARK, Associate Justice, Retired, Supreme Court of the United States, sitting by designation.

1. *Linda Johnson and United Paperworkers International Union, AFL–CIO, and Equal Employment Opportunity Commission v. Nekoosa Papers, Inc. (Ashdown, Arkansas),* CA No. T–74–57–C (W.D.Ark., order filed June 8, 1976). Thus, the Equal Employment Opportunity Commission (EEOC) would not be able to raise the claims of those who were denied job oppor-

tunities because of their sex and to challenge the virtual exclusion of females from production jobs.

2. The above entitled cases were consolidated by this Court for the purpose of this opinion.

3. The charge was filed with the EEOC on November 29, 1973, by Johnson and the Union acting through their attorney.

(1949); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 171–172, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974); and under 28 U.S.C. § 1292(a)(1) when the denial of class certification narrows the scope of injunctive relief available. *Jones v. Diamond,* 519 F.2d 1090 (5th Cir. 1975).

■ The death knell doctrine is not applicable in this case because the District Court has permitted the joinder of seventeen individual plaintiffs and has allowed the EEOC to intervene, thus making it likely that the action will proceed even though certification is not granted. Moreover, the action is brought under Title VII which provides attorney fees to the prevailing party. 42 U.S.C. § 2000e–5(k). This significantly undercuts the economic rationale for the death knell doctrine. *See Williams v. Mumford,* 511 F.2d 363, 368, 167 U.S.App.D.C. 125, *cert. denied,* 423 U.S. 828, 96 S.Ct. 47, 46 L.Ed.2d 46 (1975); *Hackett v. General Host Corporation,* 455 F.2d 618, 622–623 (3rd Cir.), *cert. denied,* 407 U.S. 925, 92 S.Ct. 2460, 32 L.Ed.2d 812 (1972).

■ The collateral order exception is not applicable because the order decertifying the class fails to satisfy the tests set forth in *Cohen v. Beneficial Industrial Loan Corp., supra. See also* 9 J. Moore, *Federal Practice* ¶ 110.10, at 133 (2d ed. 1975). The order denying class certification does not present a separate and collateral issue because whether or not the class should have been certified involved a consideration of the merits of the entire action. *See In Re Piper Aircraft Dist. Sys. Antitrust Lit., supra* at 217; *Share v. Air Properties G. Inc.,* 538 F.2d 279, 284 (9th Cir.), *cert. denied,* 429 U.S. 923, 97 S.Ct. 321, 50 L.Ed.2d 290 (1976). Nor is a question of general significance presented here. Instead, the decision of the District Court denying certification of the class depended upon the narrow facts of the case. A final reason that review of class certification is inappropriate under the collateral order exception is that it can usually be examined on appeal from final judgment. *Williams v. Mumford, supra* at 368; *Samuel v. University of Pittsburgh,* 506 F.2d 355, 360 (3rd Cir. 1974).

■ Even if we were to extend the injunction exception and allow appeals from orders denying class certification, it would not be applicable here. A number of Circuits have permitted appeals under 28 U.S.C. § 1292(a)(1) when the denial of class certification narrows the scope of injunctive relief available if the plaintiff later prevails on the merits. *Jones v. Diamond, supra; Price v. Lucky Stores, Inc.,* 501 F.2d 1177 (9th Cir. 1974); *Yaffe v. Powers,* 454 F.2d 1362 (1st Cir. 1972); *Brunson v. Board of Trustees of School Dist. No. 1,* 311 F.2d 107 (4th Cir. 1962), *cert. denied,* 373 U.S. 933, 83 S.Ct. 1538, 10 L.Ed.2d 690 (1963).[4] The Eighth Circuit has not yet decided whether to extend the injunction exception to permit appeals from class certification orders, *Donaldson v. Pillsbury Co.,* 529 F.2d 979, 981 (8th Cir. 1976), nor do we need to reach that issue since only one of the two requirements for its application has been satisfied here. The first requirement is that "the plaintiff's prayer for an injunction must constitute the heart of the relief he seeks." *Jones v. Diamond, supra* at 1095. The second is that "the practical result of the order denying the proposed class must be to deny the requested broad injunction." *Id.* at 1096. It is the latter requirement that is not satisfied here. Because we are permitting the EEOC to intervene upon a broad basis, the class will in effect be represented, *see* Part II, *infra,* and the scope of relief

---

4. This has been criticized "as an unwarranted expansion of the statutory language" because the denial of class certification does not constitute either the grant or the denial of an injunction. *Williams v. Mumford,* 511 F.2d 363, 369, 167 U.S.App.D.C. 125, *cert. denied,* 423 U.S. 828, 96 S.Ct. 47, 46 L.Ed.2d 46 (1975). *See also Weit v. Cont. Ill. Nat. Bank & Trust Co. of Chicago,* 535 F.2d 1010 (7th Cir. 1976); *City of New York v. International Pipe & Ceramics Corp.,* 410 F.2d 295 (2nd Cir. 1969). The cases allowing appeals from orders denying class certifications under 28 U.S.C. § 1292(a)(1) have also been distinguished because those cases "were civil rights cases where the acts of the defendants were of such a nature that the wrong done could not be remedied by an injunction in favor of individual plaintiffs only." *Weit v. Cont. Ill. Nat. Bank & Trust Co. of Chicago, supra* at 1014.

available will be as broad as if the class had been certified.

Since none of the exceptions discussed above apply, the order of the District Court refusing to certify the class is not appealable. Accordingly, the appeal in No. 76–1686 is dismissed for lack of jurisdiction.[5]

## II.

We next consider whether the District Court properly held that the EEOC may not expand the scope of the action beyond that of the charge filed by the plaintiffs with the EEOC. The District Court certified the following questions to this Court pursuant to 28 U.S.C. § 1292(b).[6]

1. Whether the commission's suit in intervention properly enlarges the scope of the private plaintiffs' suit so as to include all forms of discrimination described in the Commission's Determination of Plaintiffs' underlying charges.

2. Whether the Court properly held that "the EEOC may not expand the scope of this action beyond that which the Plaintiffs are permitted to pursue" in view of the fact that the EEOC had not prior to the filing of its Motion to Intervene endeavored "to eliminate any such alleged, unlawful employment practice by informal methods of conference, conciliation, and persuasion" as required by § 706(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e–5(b) and that the EEOC had not as required by its rules, 29 CFR § 1601–23 (1974), notified the Defendant in writing "that such efforts have been unsuccessful and will not be resumed except on the Respondent's written request within the time specified in such notice."

3. Whether the Court abused its discretion in permitting the EEOC to intervene in this action in view of the fact that the EEOC had not, prior to the filing of its Motion for Intervention, endeavored to eliminate any alleged unlawful employment practice by informal methods of conference, conciliation and persuasion as required by § 706(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e–5(b) and that the EEOC had not, as required by its own rules, 29 CFR § 1601–23 (1974), notified the Defendant, in writing "that such efforts have been unsuccessful and will not be resumed except on the Respondent's written request with the time specified in such notice."

In order to resolve these questions relating to the permissible scope of the EEOC's suit in intervention, we are faced with the task of reconciling our holding in *Equal Employment Op. Com'n v. Missouri Pacific R. Co.*, 493 F.2d 71 (8th Cir. 1974), with the EEOC's general obligation to conciliate.

In *Missouri Pacific*, this Circuit held "that, once the charging party has filed suit pursuant to a 'right to sue' notice the Commission is relegated to its right of permissive intervention." *Id.* at 75. The Court relied upon the express statutory scheme,[7] 42

---

5. In dismissing the appeal for lack of jurisdiction, we express no opinion whether the District Court properly refused to certify the class. *See, e. g., Donaldson v. Pillsbury Co.*, 554 F.2d 825 (8th Cir. 1977), holding that the District Court abused its discretion in denying class status even though an earlier appeal challenging the denial of class status had been dismissed for lack of jurisdiction. *Donaldson v. Pillsbury Co.*, 529 F.2d 979 (8th Cir. 1976).

In this case, the District Court refused to order discovery with respect to all applicants for employment with Nekoosa. While we do not reach this issue, we note that broad discovery *should usually be permitted prior to* class certification. *See Yaffe v. Powers*, 454 F.2d 1362 (1st Cir. 1972).

6. The EEOC was granted permission to appeal by this Court in an order dated September 23, 1976.

7. The scheme of the statute itself * * * negates the Commission's double-barreled approach. Once either the Commission or the charging party has filed suit, § 2000e–5(f)(1) speaks only in terms of intervention— the absolute right of the charging party to intervene if the Commission elects to file suit within 180 days; the permissive right of intervention on the part of the Commission in the private action. The statute cannot be read to warrant duplicitous lawsuits when both actions find their genesis in one unlawful employment practice charge.

U.S.C. § 2000e–5(f)(1), and the legislative history of the 1972 amendments to Title VII [8] in reaching its conclusion that duplicitous suits were barred by the statute. *Accord, E. E. O. C. v. Continental Oil Co.*, 548 F.2d 884, 889–890 (10th Cir. 1977); *Equal Employment Opportunity v. Occidental Life*, 535 F.2d 533, 536 (9th Cir.) (dicta), cert. granted, 429 U.S. 1022, 97 S.Ct. 638, 50 L.Ed.2d 623 (1976).[9]

A problem arises, however, because different issues may be raised by the private suit and the suit filed by the EEOC even though the same charge originally filed with the EEOC serves as the basis for both suits. In this case, in its suit in intervention, the EEOC seeks to raise the claims of unsuccessful job applicants and to challenge the apparent exclusion of females from production jobs.[10] Thus, the scope of the EEOC suit is broader than that of the private suit which the District Court has limited to those issues raised by the charge filed with the EEOC which only alleged discrimi-

nation against present female employees.[11] The Court in *Missouri Pacific* recognized that the scope of the EEOC suit might be broader than that of the private suit when it stated that it was "fully confident that [the District Court] * * * will permit intervention and enlargement of the scope of the action by the Commission if necessary to the rendering of full and complete justice." *Equal Employment Op. Com'n v. Missouri Pacific R. Co.*, supra at 75. My concurring opinion went one step further and would have required the District Court to broaden the scope of the suit to include those issues raised by the EEOC because the EEOC is charged with the responsibility of eliminating discriminatory employment practices and, thus, must be allowed to bring the broader issues before the court. *Id.* at 75 (J. Heaney concurring). Indeed, it would be anomalous if we did not allow the EEOC's suit in intervention to broaden the issues beyond those raised by the charge filed with the EEOC since the EEOC is not

---

*Equal Employment Op. Com'n v. Missouri Pacific R. Co.*, 493 F.2d 71, 74 (8th Cir. 1974).

8. H.R.Rep.No.92–238, 92d Cong., 2d Sess., 1972 U.S.Code Cong. & Admin.News p. 2148.

9. Other Circuits have, however, developed different approaches to the problem of duplicitous suits. The Fifth and Sixth Circuits allow the EEOC to file suit if the EEOC suit would be broader in scope than the private action, even if a private suit based upon the same EEOC charge has already been filed. *E. E. O. C. v. McLean Trucking Co.*, 525 F.2d 1007 (6th Cir. 1975); *Equal Employment Op. Com'n v. Kimberly-Clark Corp.*, 511 F.2d 1352 (6th Cir. 1975), cert. denied, 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368 (1976); *Equal Employment Op. Com'n v. Huttig Sash & Door Co.*, 511 F.2d 453 (5th Cir. 1975). This approach was rejected by the Tenth Circuit because it was unable to find any statutory basis for defining the EEOC's right to sue in terms of the scope of its suit. *E. E. O. C. v. Continental Oil Co.*, 548 F.2d 884, 889 (10th Cir. 1977).

The Third Circuit reads the statute and the legislative history differently and places no limitation on the right of the EEOC to bring suit after a private action has been filed. *Equal Emp. Opp. Com'n v. North Hills Passavant Hosp.*, 544 F.2d 664, 672 (3rd Cir. 1976). Any problem with duplicitous suits is to be resolved under Fed.R.Civ.P. 42(a) which provides for the consolidation of actions involving common

questions of law and fact. *Id.* See generally Reiter, *The Equal Employment Opportunity Commission and "Duplicitous Suits": An Examination of EEOC v. Missouri Pacific Railroad Co.*, 49 N.Y.U.L.Rev. 1130 (1974).

We adhere to our decision in *Equal Employment Op. Com'n v. Missouri Pacific R. Co.*, 493 F.2d 71 (8th Cir. 1974), for the reasons stated in that opinion.

10. The EEOC investigation revealed that only 4.5% of Nekoosa's employees were female even though the community work force was 22.4% female. Moreover, 78.5% of the female Nekoosa employees occupied clerical positions.

11. We emphasize that we are without jurisdiction to review this aspect of the District Court's order. We note, however, that it has been held that a private suit is not necessarily restricted to the scope of the charge filed with the EEOC and may extend to those issues revealed by a reasonable investigation by the EEOC. *See Jenkins v. Blue Cross Mutual Hospital Ins., Inc.*, 522 F.2d 1235, 1241 (7th Cir. 1975) (en banc); *Danner v. Phillips Petroleum Co.*, 447 F.2d 159, 161–162 (5th Cir. 1971); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); cf. *Parham v. Southwestern Bell Telephone Co.*, 433 F.2d 421, 425 (8th Cir. 1970).

so restricted if it brings a direct suit. *See E. E. O. C. v. General Elec. Co.*, 532 F.2d 359 (4th Cir. 1976); *Equal Employment Op. Com'n v. Huttig Sash & Door Co.*, 511 F.2d 453 (5th Cir. 1975); *cf. Equal Employment Op. Com'n v. Western Pub. Co., Inc.*, 502 F.2d 599 (8th Cir. 1974). We cannot, however, simply order that the EEOC be permitted to broaden the scope of its suit in intervention because we must also consider the obligation of the EEOC to attempt conciliation.

■ Because of the enormous backlog of cases pending before the EEOC, a private party will usually be able to bring an action before the EEOC has attempted conciliation and completed the administrative process.[12] When this occurs, as it did here, the EEOC is precluded from bringing a direct action and is relegated to its right of permissive intervention. If conciliation was required prior to intervention, the EEOC's motion to intervene might not be considered timely under Fed.R.Civ.P. 24 because the process

of conciliation is often time-consuming. While conciliation is mandatory prior to direct suit by the EEOC, 42 U.S.C. § 2000e–5(f)(1); 29 C.F.R. § 1601.23; *Patterson v. American Tobacco Company*, 535 F.2d 257 (4th Cir.), *cert. denied*, 429 U.S. 920, 97 S.Ct. 314, 50 L.Ed.2d 286 (1976); *Equal Employment Op. Com'n v. Hickey-Mitchell Co.*, 507 F.2d 944 (8th Cir. 1974); it is not mandatory under the statutory scheme prior to intervention by the EEOC.[13] 42 U.S.C. § 2000e–5(f)(1). Thus, the EEOC cannot be precluded from intervention because it failed to conciliate.

■ Conciliation is nonetheless an integral part of Title VII, *Equal Employment Op. Com'n v. Hickey-Mitchell Co., supra,* and is desirable for a variety of policy reasons including giving the defendant notice and an opportunity to respond to any additional claims revealed by the EEOC investigation and in order to avoid expensive and

---

12. A charging party cannot bring a private action unless permission is received from the EEOC. However, the EEOC is required to issue a right-to-sue letter if it either dismisses a charge or does not bring suit within 180 days of the date the charge was filed. The charging party then has 90 days in which to initiate his own court action. 42 U.S.C. § 2000e–5(f)(1). It is, thus, possible for a charging party to bring suit within a short period of time after the charge has been filed.

While the EEOC can bring an action within 30 days after the charge has been filed, it can only do so if it finds reasonable cause to believe the charge to be true and if conciliation has failed. Since it has often taken the EEOC two to three years to attempt conciliation, *Equal Employment Op. Com'n v. Kimberly-Clark Corp., supra* at 1358; U.S. Comm'n on Civil Rights, *The Federal Civil Rights Enforcement Effort—1974* 529 (1975), the EEOC will usually be unable to bring its own action before a private action has been filed. The EEOC's delay in processing cases is reflected by its backlog of cases. As of June 30, 1975, over 126,000 cases were pending before the EEOC. As the following table indicates, some of the pending charges date back to 1968.

| Fiscal Year in Which Charge was Filed | Number of Open Charges |
|---|---|
| 1968 | 2,213 |
| 1969 | 3,260 |
| 1970 | 4,245 |
| 1971 | 5,917 |
| 1972 | 8,114 |
| 1973 | 18,550 |
| 1974 | 30,812 |
| 1975 | 46,919 |
| Unspecified | 6,310 |
| TOTAL | 126,340 |

Report to the Congress by the Comptroller General of the United States, *The Equal Employment Opportunity Commission Has Made Limited Progress in Eliminating Employment Discrimination* 9 (September 28, 1976).

13. The EEOC has been permitted to intervene in three District Court cases even though it had not attempted to conciliate. *Willis v. Allied Maintenance Corp.*, 13 FEP Cases 767 (S.D.N.Y.1976); *NOW v. Minnesota Mining & Mfg.*, 11 FEP Cases 720 (D.Minn.1975); *Jones v. Holy Cross Hospital Silver Springs, Inc.*, 64 F.R.D. 586 (D.Md.1974). In each case, the EEOC was not permitted to expand the scope of the action

time-consuming court actions.[14] Because we believe strongly in the value of conciliation, we hold that while the EEOC is not barred from intervention by its failure to attempt to conciliate, it is under a continuing obligation to attempt to conciliate even after it has intervened in the action. To this end, we order the District Court to stay the action for sixty days and to require the EEOC to make a prompt offer to conciliate. If the offer is accepted by Nekoosa and if thereafter EEOC fulfills its obligation to conciliate in good faith and if no settlement is forthcoming by the end of the sixty-day period, the District Court is directed to then enter an order permitting the EEOC to expand its intervention in accordance with its petition. If Nekoosa refuses to conciliate, then the District Court's order permitting the EEOC to expand the scope of its intervention shall be issued forthwith.

We believe such a stay is not so long as to unduly prejudice the individual claimants. We realize that requiring the EEOC to expedite its conciliation process after intervention might be difficult for them because of their backlog of cases. We feel, however, it is the best balance between the right of the EEOC to intervene, the obligation of the EEOC to attempt conciliation and the right of the individual claimants to proceed with their action.

Accordingly, we reverse and remand this action to the District Court for action consistent with this opinion.

---

because it had not attempted to conciliate. Because we are ordering a stay to permit conciliation, the EEOC will be permitted to expand the scope of its action here.

**14.** We are aware that the conciliation process has to date been relatively unsuccessful. *See* Peck, *The Equal Employment Opportunity Commission: Developments in the Administrative Process* 1965–1975, 51 Wash.L.Rev. 831, 852–853 (1976); Report to Congress by the Comptroller General of the United States, *supra* at 7–37. Action by the legislative and executive branches of the federal government is apparently necessary to make the process a more effective one.