EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

MOTOROLA, INC., Defendant.

No. 75 C 1753.

United States District Court, N. D. Illinois, E. D.

Sept. 1, 1977.

Richard Sutter, Bruce B. Elfvin, E. E. O. C., Chicago, Ill., for plaintiff.

Robert V. Nystrom and Karl F. Nygren, Chicago, Ill., for defendant.

## DECISION ON MOTION TO DISMISS

McMILLEN, District Judge.

Defendant has filed a motion to dismiss the complaint in the above case for lack of subject matter jurisdiction. The complaint was consolidated with a previously filed private action, 74 C 2810. That complaint stands on its own feet, however, and will not be affected by the present motion, in our opinion.

The defendant's motion to dismiss the E.E.O.C. complaint is based primarily on the theory that after a private complaint under Title VII has been filed, the government agency can do no more than intervene, that intervention is permissive, and that it has not been permitted in this case.

The controlling statute on this point is 42 U.S.C. § 2000e–5(f)(1) which provides in pertinent part:

If within thirty days after a charge is filed with the Commission . . ., the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge. . . The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission . . If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . ., the Commission has not filed a civil action under this section . . ., or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved . . . Upon timely application, the court may, in its discretion, permit the Commission . . . to intervene in such civil action upon certification that the case is of general public importance . . .

Two Circuits have held that the foregoing statute deprives the E.E.O.C. of the right to file its own independent complaint after an individual plaintiff has been given a right-to-sue notice and has filed suit. These two Circuits based their decisions primarily upon the wording of the statute and the salutary purpose of reducing duplicative litigation. *E.E.O.C. v. Continental Oil Co.*, 548 F.2d 884 (10th Cir. 1977); *E.E.O.C. v. Missouri Pacific R.R.*, 493 F.2d 71 (8th Cir. 1974); see also *E.E.O.C. v. Pacific Press Publishing Association*, 535 F.2d 1182, 1186 (9th Cir. 1976) when the E.E.O.C. action is substantially the same as the private action.

Since the E.E.O.C. can expand on any complaint filed with it by an individual and seek additional or different relief, and since § 2000e–5(f)(1) does not specifically pre-

clude filing suit by the E.E.O.C. after a civil action, the Third Circuit allows the two actions to be filed consecutively. It points out that they can be consolidated pursuant to F.R.C.P. 42(a). *E.E.O.C. v. North Hills Passavant Hospital*, 544 F.2d 664 (3d Cir. 1976).

Two Circuits have taken a middle position which also appears to have been left open by the Ninth Circuit in the *Pacific Press* case, *supra*. They do not countenance the E.E.O.C.'s filing a duplicative action after a private civil action has been filed, but they do allow it to take advantage of its broad investigatory power and file a separate action if additional violations are discovered in the course of investigating the original charge. See *E.E.O.C. v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1360 (6th Cir. 1975), cert. den. 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368 (1975); *E.E.O.C. v. Huttig Sash & Door Co.*, 511 F.2d 453, 455 (5th Cir. 1975).

Although our Circuit has not passed on this specific issue, it has underscored the E.E.O.C.'s authority to conduct a broad investigation of a company's employment practices based upon an employee's relatively narrow complaint. See *Motorola, Inc. v. McLain*, 484 F.2d 1339, 1346 (7th Cir. 1973) where it observed that "A single charge may 'launch a full scale inquiry' [by the E.E.O.C.]." A result similar to that of the Fifth and Sixth Circuits has been reached in the case at bar by our predecessor judge's order entered November 7, 1975 which the Seventh Circuit Court of Appeals refused to review, despite the judge's certification. According to the defendant's brief, the refusal to review was because a case raising this same issue was at that time pending before the Court of Appeals; however, that case was settled during the appeal and no decision was ever reached. *E.E.O.C. v. Chrysler Corp.*, 75–1444.

We find and conclude that the E.E.O.C. should be permitted to file its own non-duplicative complaint on the basis of its investigation of the Mays charge even after Mays has filed his own complaint. However, this ruling cannot eliminate the statutory requirements for all E.E.O.C. complaints. Under § 2000e–5(f)(1) the Commission must base its action upon evidence uncovered during a reasonable investigation of the original charge filed by the complainant, *E.E.O.C. v. General Electric Co.*, 532 F.2d 359 (4th Cir. 1976); *E.E.O.C. v. Kimberly-Clark Corp., supra*, and also must exhaust the possibilities of conciliation with the employer with respect to each issue it seeks to litigate. *Patterson v. American Tobacco Co.*, 535 F.2d 257 (4th Cir. 1976), cert. den. 429 U.S. 290, 97 S.Ct. 314, 50 L.Ed.2d 286 (1976); see also *E.E.O.C. v. Hickey-Mitchell Co.*, 507 F.2d 944, 948 (8th Cir. 1974). We do not find from the record in the case at bar that the E.E.O.C. has satisfied these conditions precedent, and, if it has not, its complaint should be dismissed on that ground.

We have certified a class in the private action No. 74 C 2810 by our order of April 22, 1977 which, because of the strictures of F.R.C.P. 23, is somewhat narrower than the complaint, as we pointed out by our decision entered March 23, 1977. The two classes certified are also considerably narrower than encompassed by the discriminatory acts alleged by the E.E.O.C. in the above-entitled case. The government has not shown how it arrived at those charges of discrimination, e. g. discrimination on the basis of sex, which go beyond the issues presented in 74 C 2810, as certified. The agency relies solely upon a determination by the District Director that there was "reasonable cause" to believe that broad-based discrimination existed (Ex. A to plaintiff's memorandum filed October 31, 1975). This document, however, does not disclose the evidentiary basis for the District Director's preliminary findings, and the only statistical evidence of discrimination which the agency has submitted in this court is limited to racial discrimination.

With respect to conciliation, as required by § 2000e–5(b), the E.E.O.C. relies upon an affidavit of James A. Quirk, its conciliator, attached as Exhibit A to its memorandum filed August 14, 1975. This affidavit refers to certain telephone calls made to attempt

to conciliate the claim of *racial* discrimination by Mays, but the record also contains an affidavit of Jerome A. Moch, defendant's employee relations administrator, (attached to defendant's motion to dismiss filed July 24, 1975) which states that the defendant was willing to enter into settlement negotiations but that no discussions were set up by the E.E.O.C. Our predecessor judge on the basis of these affidavits ruled that there was an issue of fact with respect to attempts to conciliate in his decision of November 7, 1975.

We think this issue must be resolved by a pre-trial determination, particularly with respect to efforts to conciliate the allegations of sex discrimination contained in the E.E.O.C.'s complaint. This is not an ephemeral or futile requirement, since at least one charge of sex discrimination against the defendant has been resolved by conciliation (agreement attached to defendant's memorandum filed June 6, 1977). Should the plaintiff be unable to show that it has failed in an attempt to conciliate with respect to each of the issues raised in its complaint, we will stay proceedings in this case for sixty (60) days, pursuant to § 2000e–5(f)(1), in order to allow the parties an opportunity to do so. See *Johnson v. Nekoosa-Edwards Paper Co.*, 558 F.2d 841 (8th Cir. 1977); *E.E.O.C. v. Raymond Metal Products Co.*, 530 F.2d 590, 597 (4th Cir. 1976).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that defendant's motion filed May 23, 1977 to dismiss the complaint of the E.E.O.C. is denied, on condition that said plaintiff show (a) that the violations alleged therein arose from a reasonable investigation of the charge of William Mays and (b) show that efforts to conciliate all charges in the complaint were unsuccessful.

The plaintiff E.E.O.C. is granted thirty (30) days in which to comply with the foregoing order and defendant is granted ten (10) days thereafter to file any affidavits in an attempt to show that the plaintiff has not complied. If an evidentiary hearing is necessary on these issues, one will be held after the foregoing filings have been examined by the court, in addition to the affidavits already filed by the parties with respect to the Mays charge.

This case is severed from 74 C 2810 for the purposes of trial if the latter case is reached for trial before this order is complied with.