**Bettye J. SMITH, Appellant,**

v.

**MERCHANTS & FARMERS BANK OF WEST HELENA, ARKANSAS, Appellee.**

**No. 77–1467.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1978.

Decided May 4, 1978.

Jimmie L. Wilson, Helena, Ark., for appellant.

Baker & Pittman, West Helena, Ark. and Rose, Nash, Williamson, Carroll, Clay & Giroir, Little Rock, Ark., for appellee.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

This case involves an interlocutory appeal from an order of the District Court[1] denying class action certification. Bettye J. Smith alleges that Merchants & Farmers Bank has a continuing policy of systematic employment discrimination against blacks and women. The District Court concluded that the class action aspect of the case did not come within the purview of Fed.R. Civ.P. 23. We affirm.

Smith is an employee of the Equal Employment Opportunity Commission in Houston, Texas. In July 1974 she was without work and sought employment at the Merchants & Farmers Bank of West Helena, Arkansas. It is disputed whether she com-

1. The Honorable Oren Harris, Senior United States District Judge, Eastern District of Arkansas.

pleted the application process; in any event, the bank did not hire her.

On September 18, 1975, the present complaint was filed and it stated:

Plaintiff brings this action .on her own behalf and on behalf of all employees similarly situated to the Plaintiff pursuant to Rule 23 of the Federal Rules of Civil Procedure, §§ 23(a) and 23(b)(2). Plaintiff represents the class of black persons who are employed, have been employed, have sought employment, and might seek employment by the defendant, and who have been, continue to be, and may in the future be adversely affected by the practice complained of herein. Plaintiff represents the class of women who are employed, have sought employment, have been employed, and might seek employment by the defendant, and who have been, continue to be, and may in the future be adversely affected by the practices complained of herein. Defendant has acted and refused to act on grounds generally applicable to the classes represented. There are common questions of law and fact affecting the rights of members of the classes, whose members are so numerous as to make it impracticable to bring them all before the Court. The claims of plaintiff are typical of those of the classes. Common relief is sought. Final injunctive relief is, therefore, appropriate in favor of plaintiff and of the classes. Plaintiff fairly and adequately protects the interests of the classes.

She sought a declaratory judgment that the bank's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and the Civil Rights Act of 1866, 42 U.S.C. § 1981. In addition, injunctive relief in favor of the class, lost income and attorney fees were requested.

▮ At the outset we must consider whether this appeal is within the jurisdiction of this court. Smith asserts jurisdiction exists under 28 U.S.C. § 1292(a)(1) which permits appeals from the district courts to the courts of appeals of orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions * * *."

Several circuits have interpreted that language to permit appeals from interlocutory orders denying class action status where the heart of the relief sought is injunctive. *Doctor v. Seaboard Coast Line R. Co.,* 540 F.2d 699, 704–05 (4th Cir. 1976); *Jones v. Diamond,* 519 F.2d 1090, 1095–96 (5th Cir. 1975); *Price v. Lucky Stores, Inc.,* 501 F.2d 1177, 1179 (9th Cir. 1974); *Yaffe v. Powers,* 454 F.2d 1362, 1364 (1st Cir. 1972). Other circuits have disagreed and have held that denial of class certification is not appealable. *Gardner v. Westinghouse Broadcasting Co.,* 559 F.2d 209 (3rd Cir.), *cert. granted,* 434 U.S. 984, 98 S.Ct. 608, 54 L.Ed.2d 477 (1977); *Williams v. Mumford,* 167 U.S. App.D.C. 125, 131–133, 511 F.2d 363, 369–71, *cert. denied,* 423 U.S. 828, 96 S.Ct. 47, 46 L.Ed.2d 46 (1975).

This circuit has yet to decide this question. *Johnson v. Nekoosa-Edwards Paper Co.,* 558 F.2d 841, 844 (8th Cir.), *cert. denied,* 434 U.S. 920, 98 S.Ct. 394, 54 L.Ed.2d 276 (1977). The Supreme Court is presently considering the issue after having heard oral argument in *Gardner* on March 22, 1978. 46 U.S.L.W. 3600. Without attempting to predict the outcome in *Gardner,* we conclude that in the present state of the law the reasons given by those courts recognizing § 1292(a)(1) jurisdiction are most persuasive. Thus we reject the appellee's contention that this court lacks jurisdiction to consider this appeal.

▮ Turning to the merits, we note that the plaintiff has the burden of establishing that class action treatment is appropriate. *Doctor v. Seaboard Coast Line R. Co.,* 540 F.2d at 706; *Davis v. Romney,* 490 F.2d 1360, 1366 (3rd Cir. 1974). The determination made by the District Court will not be disturbed unless there was an abuse of discretion. *Doctor v. Seaboard Coast Line R. Co.,* 540 F.2d at 709; *Fendler v. Westgate-California Corp.,* 527 F.2d 1168, 1170 (9th Cir. 1975); *Wright v. Stone Container Corp.,* 524 F.2d 1058, 1061 (8th Cir. 1975). Applying that standard we are satisfied that Smith has not met her burden and

that she has failed to demonstrate any abuse of discretion on the part of the District Court.

Smith alleges only limited contact with the bank. It is not certain that she even completed the application process. She has never been employed there but seeks to represent present and past bank employees, somewhat in the capacity of a professional litigant. She is now working in Houston, Texas, approximately 500 miles from West Helena, Arkansas. All of these factors were properly before the District Court and were relevant to the certification issue.

Before this court Smith's counsel briefed the legal issues of the Rule 23(a) prerequisites that there be numerous class members, common questions of law or fact, and claims or defenses of the representative parties typical of those raised by the class. However, no discussion of the fourth requirement was included. This requires that "the representative parties will fairly and adequately protect the interests of the class." Certainly, we cannot conclude that the District Court abused its discretion when counsel conspicuously avoided discussion of the element of Rule 23 which relates to the qualities of the named representative and her counsel. Nor are we favorably impressed by counsel's failure to brief the aforementioned jurisdictional issue which has split the courts of appeals and was undecided in this circuit. We hold that the District Court did not abuse its discretion.

Affirmed.