**Trina MEHL, Jason Olsen, Susan Olsen and all others similarly situated, Plaintiffs,**

v.

**CANADIAN PACIFIC RAILWAY, Limited and its wholly owned subsidiary Canadian Pacific Railway Company, and Soo Line Railroad Company, d/b/a Canadian Pacific Railway, Defendants.**

No. A4–02–09.

United States District Court, D. North Dakota, Northeastern Division.

July 15, 2003.

Mike Miller, Timothy M. O'Keeffe, Solberg, Stewart, Miller & Johnson Ltd., Fargo, ND, Ronald S. Goldser, Zimmerman Reed, PLLP, Minneapolis, MN, Daniel E. Becnel, Jr., Daniel E. Becnel, Jr., Law Firm, Reserve, LA, for Plaintiffs.

Stephen W. Plambeck, Nilles, Hansen & Davies, Ltd., Fargo, ND, Scott G. Knudson, Briggs & Morgan, St. Paul, MN, Timothy R. Thornton, Matthew D. Forsgren, Briggs & Morgan, Minneapolis, MN, for Defendants.

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY**

HOVLAND, Chief Judge.

This is a proposed class action to recover damages allegedly caused by a train derailment and chemical spill that occurred near Minot, North Dakota, on January 18, 2002. This issue presently before the Court is whether the Magistrate Judge erred when denying the Defendants' Motion to Compel Discovery in his order dated May 22, 2003. On June 9, 2003, the Defendants [hereinafter referred to collectively as "Canadian Pacific"] filed a Notice of Appeal of Magistrate Judge's Order, seeking a Court order compelling the Plaintiffs to disclose information they have regarding each putative class member. For the reasons outlined below, the decision of the Magistrate Judge is affirmed.

**I. BACKGROUND OF THE CASE**

A Canadian Pacific train derailed near Minot, North Dakota, on January 18, 2002, spilling an unquantified amount of anhydrous ammonia. On January 25, 2002, the Plaintiffs filed a proposed class action against Canadian Pacific pursuant to Rule 23 of the Federal Rules of Civil Procedure. On Octo-

ber 7, 2002, Canadian Pacific filed a Motion to Compel Discovery demanding that the First District Health Unit turn over the medical records of more than 800 Minot residents who had sought treatment for exposure to anhydrous ammonia following the train derailment. The Court denied the motion on October 29, 2002, and stated as follows:

Although no physician patient privilege exists when a party relies upon a medical condition as an element of a claim or defense, that exception does not justify the release of over 800 individuals' medical records in this case. Out of the group of over 800 individuals, only the three named plaintiffs have brought themselves within the exception to the physician/patient privilege by relying upon their medical condition as an element of the claim. The remaining individuals are not currently involved in this litigation, and this is not a class action lawsuit because no class has been certified. (emphasis added)

Thereafter, Canadian Pacific served the Plaintiffs with two sets of discovery requests. The Plaintiffs have refused to comply with the following portions of Canadian Pacific's first set of discovery requests on the grounds that the requests were vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence:

INTERROGATORY NO. 11: Identify all persons you or your agents know suffered personal injuries as a result of the derailment.

INTERROGATORY NO. 12: For each person identified in Interrogatory No. 11:

a. Describe in detail each physical or emotional injury, illness or type of ill health that person alleges resulted from exposure to anhydrous ammonia following the Derailment;

b. Describe in detail the circumstances of the person's alleged exposure to anhydrous ammonia from the derailment, including time, location, claimed level of exposure and sensory observations (what was seen, smelled, tasted, heard or felt);

c. Describe in detail any medical diagnosis the person has received attributing the claimed injuries to exposure to anhydrous ammonia from the Derailment;

d. Describe in detail any medical treatment the person is receiving for the claimed injuries resulting from exposure to anhydrous ammonia from the Derailment;

e. Identify any medical professionals who are providing the diagnosis or treatment identified in 12(d) or 12(e) above.

[DOCUMENT] REQUEST NO. 12: If you claim any bodily injury or adverse health effect, physical or emotional, caused in any way by Defendant Canadian Pacific, provide the following:

(a) All documents relating to your health or medical status or condition for the last ten (10) years, including but not limited to, applications for life and health insurance, hospital records, and medical-clinical records;

(b) All documents relating to a specific condition, injury or adverse health effect which forms the basis of the claim;

(c) All documents relating to the alleged damages (including medical costs for treatment of injuries), including, but not limited to, medical bills and medical insurance claim records;

(d) All documentation substantiating medical charges from each doctor or medical practitioner seen by you subsequent to the incident which is the basis of this suit, going to show the itemization of charges, the amount paid and by whom;

(e) All documentation substantiating hospitalization or outpatient treatment of you subsequent to the incident which is the basis of this suit, going to show an itemization of charges, the amount paid and by whom;

(f) All reports of experts relating to your health; and

(g) All of your hospital records and medical-clinical records from birth relating to health care, diagnosis or treatment of asthma or any other respiratory disease or disorder.

The Plaintiffs also refused to comply with the following portions of Canadian Pacific's second set of discovery requests:

INTERROGATORY NO. 1: Provide the information sought in the Medical Disclosure Form attached as Exhibit A by com-

pleting that form for each Claimant represented by counsel to the putative class; and

INTERROGATORY NO. 2: For each and every Claimant represented by counsel to the putative class, describe the nature and amount of, and the basis for, any damages that Claimant seeks as a result of injuries allegedly caused by the January 19, 2002, derailment, and if damages are based on a number of factors, provide a breakdown of damages by such factors.

DOCUMENT REQUEST NO. 1: Each Claimant, including those members of the purported class represented by proposed class counsel, shall complete the attached Patient Authorization for Release of Information, a copy of which [is] suitable for photocopy; and

DOCUMENT REQUEST NO. 2: Any documents used to support or provide the information in the response to Interrogatory NO. 2.

On April 14, 2003, Canadian Pacific filed a Motion to Compel Responses to Written Discovery requesting that the Plaintiffs' answer the aforementioned interrogatories and produce the documents requested. On May 22, 2003, Magistrate Judge Kautzmann issued an order denying Canadian Pacific's motion, stating:

The issue of whether discovery can be obtained regarding persons who are not parties to this lawsuit has already been addressed by this Court. In its October 29, 2002 Order, the Court clearly indicated that discovery of information regarding individuals who are not currently involved in this litigation is inappropriate. The posture of this case has not changed. No additional parties have been named and no class has been certified.

On June 9, 2003, Canadian Pacific filed a Notice of Appeal of the Magistrate Judge's Order, asserting that Magistrate Judge Kautzmann erred in denying jurisdictional discovery.

## II. STANDARD OF REVIEW

The standard of review governing the appeal of a Magistrate Judge's determinations in a non-dispositive matter is set forth in Rule 72(a) of the Federal Rules of Civil Procedure and in Local Rule 72.1(E)(3). These rules provide that a district judge must consider the appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. See Fed.R.Civ.P. 72(a) and Local Rule 72.1(E)(3).

## III. LEGAL DISCUSSION

Canadian Pacific contends that its discovery requests are justified given the nature of this lawsuit. Although no class has been certified to date, Canadian Pacific asserts that it should be allowed to conduct discovery to determine whether the prerequisites of Rule 23 are satisfied.[1] It characterizes its interrogatories and request for documents as a call for jurisdictional discovery.

It is axiomatic that a federal court cannot hear a dispute unless it has either federal question or subject matter jurisdiction. In this case, the Plaintiffs' basis for federal court jurisdiction is the subject matter of the parties' dispute. Therefore, the Court can proceed only so long as the parties are of diverse citizenship and the amount-in-controversy exceeds $75,000. Canadian Pacific contends that the amount-in-controversy requirement generally applies to all plaintiffs, including the individual members of a putative class. Canadian Pacific further asserts that the information it seeks to discover from the Plaintiffs regarding the putative class members is relevant in determining the amount-in-controversy and that its discovery requests are valid given the broad discovery authorized by Rule 26(b) of the Federal Rules of Civil Procedure.

Canadian Pacific cites to the case of *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566 (2d Cir.1982), a securities class action, for the

---

1. Rule 23 provides that one or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a).

proposition that obtaining discovery from putative class members prior to class certification is permissible and appropriate. In Sirota, the defendants appealed from the district court's denial of their motion to decertify the class. When addressing the issue of class certification, the Second Circuit Court of Appeals stated that (1) district courts had no authority under Rule 23 to hold a precertification hearing on the merits in order to determine whether a suit could be maintained as a class action, and (2) "there can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and conduct hearings to determine whether the prerequisites of Rule 23 are satisfied." 673 F.2d 566, 571.

For additional support, Canadian Pacific relied on the case of *Brennan v. Midwestern United Life Insurance Co.*, 450 F.2d 999 (7th Cir.1971). At issue in Brennan was whether absent class members, who had received notice of a certified class action, were required to submit to discovery when they had neither elected to be excluded from the class nor entered an appearance in the action. Notices had been sent to prospective class members after the district court certified the class. Several prospective class members did not opt out of the class and, as a result, were included in the action. When these absent class members failed to respond to the defendant's discovery requests, the individual claims were dismissed with prejudice. On appeal, the absent class members challenged the dismissal of their claims, asserting that they were not parties to the suit and, therefore, were not subject to the party discovery procedures provided for under Rules 33 and 34 of the Federal Rules of Civil Procedure. Although the Seventh Circuit Court of Appeals acknowledged that the challenge had some merit, it held that absent class members may, under certain circumstances, be required to submit to discovery under Rules 33 and 34.

The Plaintiffs in this action remain adamant that discovery cannot be obtained from unnamed class members in light of the fact that class certification has not been granted. The Plaintiffs acknowledge the general principle that putative class members' damage claims cannot be aggregated for purposes of satisfying the jurisdictional amount-in-controversy requirement. However, the Plaintiffs contend that this principle has nothing to do with the issue before the Court. The Plaintiffs urge the Court to look to the Ninth Circuit Court of Appeals' holding in *Gibson v. Chrysler*, 261 F.3d 927 (9th Cir.2001), for guidance.

At issue in *Gibson v. Chrysler* was the defendant's removal of three state-law class actions. The defendant removed the class actions to federal court based upon diversity of citizenship. The plaintiffs sought to remand the actions to state court. The defendant opposed remand and moved for an order granting limited discovery of facts relevant to the amount-in-controversy. The district court denied the defendant's discovery motion and remanded the matter back to state court. Later, after the actions had been consolidated, the defendant removed the action to federal court. The matter was once again remanded, prompting the defendant to file an appeal with the Ninth Circuit. With respect to the issue of discovery, the Ninth Circuit Court of Appeals stated:

[A] class action, when filed, includes only the claims of the named plaintiff or plaintiffs. The claims of unnamed class members are added to the action later, when the action is certified as a class under Rule 23. Thus, there can be no "original jurisdiction" ... over the claims of unnamed class members and there is therefore no supplemental jurisdiction either.

Examining only the claims of named class plaintiffs for purposes of the amount-in-controversy requirement in diversity class actions mirrors the treatment of the complete diversity requirement. In both instances, subject matter jurisdiction depends only on the named plaintiffs. We also note that practical considerations support this result. If the claim of an unnamed class member could support removal of the entire action, a removing defendant might be entitled to discovery not merely from named, but also from unnamed, class members. Further, including the claims of unnamed class members is an impractical and uncertain method of de-

termining federal jurisdiction, because those members are free to opt out of the class, and because a denial of class certification would prevent the court from taking jurisdiction over the claims of the unnamed class members. Either of these two events would deprive the district court of jurisdiction over the entire class action, and could occur well into the litigation, after the expenditure of substantial time and effort by the parties and the district court.

*Gibson*, 261 F.3d 927, 941 (9th Cir.2001).

The cases of Brennan and Sirota are distinguishable from the present case. In Brennan, the trial court was dealing with a discovery dispute that arose after a class had been certified. In Sirota, it was the defendant's efforts to decertify a class action that were at issue. To the contrary, no class has been certified in this case. The Court does not find either case compelling.

The Ninth Circuit Court of Appeals decision in *Gibson v. Chrysler* is also distinguishable. The defendant in Gibson was attempting to remove an action to federal court using the unnamed class members' claims as a basis for federal court jurisdiction. It should be noted that the trial court in Gibson did not specifically address the issue of discovery as it was a peripheral matter.

District Courts are afforded considerable discretion in determining the necessity for and scope of discovery on class certification issues. See *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489, 1495 (5th Cir.1993), cert. denied, 510 U.S. 1044, 114 S.Ct. 690, 126 L.Ed.2d 658 (1994); *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir.1982); *Kamm v. California City Dev. Co.*, 509 F.2d 205, 209 (9th Cir.1975). The appropriateness of allowing such discovery is often dependent upon whether the pleadings and the record before the court sufficiently indicate the requisite factors to warrant a final determination of class actions status.

Although it has not expressly addressed the issue, the Eighth Circuit Court of Appeals in *Johnson v. Nekoosa–Edwards Paper Co.*, 558 F.2d 841, 845 n. 5 (8th Cir.1977), endorsed discovery prior to class certification. The Eight Circuit Court of Appeals

concluded that the district court's refusal to certify the class was not an appealable issue. It then stated: "In this case, the District Court refused to order discovery with respect to all [potential class members]. While we do not reach this issue, we note that broad discovery should usually be permitted prior to class certification." *Johnson v. Nekoosa–Edwards Paper Co.*, 558 F.2d 841, 845 n. 5 (8th Cir.1977).

A number of other courts have recognized that discovery from absent and unnamed class members may be justified given Rule 23's requirements concerning commonality, predominance, and representative typicality. See *Yaffe v. Powers*, 454 F.2d 1362 (1st Cir. 1972); see also Stephen J. Kupperman, Discovery and Evidentiary Issues in Non–Federal Question Class Actions, 635 PLI/Lit 163 (August, 2000); Beverly J. Westbrook, Annotation, Discovery for the Purposes of Determining Whether Class Action Requirements Under Rule 23(a) and (b) of the Federal Rules of Civil Procedure are Satisfied, 24 A.L.R. Fed. 872, 1975 WL 37022 (1975). Nevertheless, such discovery is not generally encouraged due to its potential for harassment and due to concerns regarding its practicality. See *In re Folding Carton Antitrust Litigation*, 83 F.R.D. 260, 264 (N.D.Ill.1979) ("Named plaintiffs are always parties subject to discovery, while absent class members are not subject to discovery except under special circumstances"); *Adkins v. Mid–America Growers, Inc.*, 141 F.R.D. 466, 468 (N.D.Ill. 1992) ("[T]he ideas of a class action and individualized discovery do not fit together well.... If joinder of all parties is impracticable, propounding discovery like interrogatories, depositions, and requests to produce on an individual basis is even more impracticable.")

At this stage of the litigation, the Court can find no justification for compelling discovery from unnamed class members. The potential members of a hypothetical class are not parties to the present litigation. Limited discovery can be sought from the named plaintiffs as it pertains to the Rule 23 requirements. The Court agrees with the Plaintiffs that the discovery requests as framed by Canadian Pacific are overbroad at

best. Therefore, the Court affirms the Magistrate Judge's decision to deny Canadian Pacific's motion to compel discovery. This Court cannot conclude that the ruling of the Magistrate Judge was clearly erroneous or contrary to law.

## IV. CONCLUSION

The Court concludes that the Magistrate Judge's order was neither erroneous nor contrary to law. Accordingly, the Court AFFIRMS the Magistrate Judge's Order. Canadian Pacific's Appeal of Magistrate Judge's Order (Docket No. 134) is DENIED.

IT IS SO ORDERED.