George C. C. STOUT
v.
William Clarke MASON and Liberty Real Estate Bank and Trust Company, Executors of the Estate of Samuel F. Houston, Deceased.

Civ. A. No. 16494.

United States District Court, E. D. Pennsylvania.
Dec. 20, 1954.

George T. Steeley, Philadelphia, Pa., for plaintiff.

Joseph H. Grubb, Jr., Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

This action was brought by a New Jersey real estate broker to recover commissions allegedly due him upon a verbal agreement allegedly entered into between plaintiff and Samuel F. Houston, the decedent, in the latter's lifetime. Defendants answered, denying any knowledge of any alleged verbal agreement and denying liability for any commissions. The property involved is the old Green Valley Country Club in Philadelphia and the complaint alleges that the property was sold by decedent and conveyed by him on April 23, 1952. Decedent died May 2, 1952.

The matter is now before the Court on objections filed by defendants to a number of interrogatories filed by plaintiff under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C. The objections as originally filed are as follows:

"1. The information and documents sought by the aforesaid plaintiff as set forth in the Interrogatories are incompetent and in violation of the Act of May 23, 1887, PL 158 of the Commonwealth of Pennsylvania [19 P.S. § 681 et seq.], and the Statutes and Amendments thereto.

"2. Said Interrogatories were filed by the said plaintiff in proceedings instituted by the plaintiff in the Court of Common Pleas No. 4 of Philadelphia County as of December Term, 1952, No. 6494, and the objections of the defendant to said Interrogatories were sustained by the Court and are, therefore, res adjudicata."

At the argument and in their briefs, defendants further objected for the reason that plaintiff cannot secure the information sought under Rule 33 but must proceed under Rule 34.

We will first consider the second objection which poses this question, "Was the adjudication of the Court of Common Pleas of Philadelphia County Res Adjudicata of the issue raised by the present interrogatories and objections?"

Defendants filed with the Court an affidavit to which was attached a paper which purported to be a true and correct copy of the entire record and docket entries in the case of George C. C. Stout v. William Clarke Mason and The Real Estate Trust Company of Philadelphia, Executors of the Estate of Samuel F. Houston, Deceased, filed in the Court of Common Pleas No. 4 of Philadelphia County, Pennsylvania, to Number 6494 of December Term, 1952. There, is also attached to the affidavit a copy of plaintiff's petition for approval of his written interrogatories and for an order directing defendants to answer same, a copy of the interrogatories, a copy of the show cause order of the Court of Common Pleas of Philadelphia County, and a copy of defendants' answer to the said petition. The docket entries fur-

ther indicate that the rule to show cause was discharged and that subsequently thereto by order of plaintiff's attorney the suit was discontinued.

■ Defendants contend that the instant action is identical with the suit brought in the State Court,[1] and that the interrogatories filed in the State Court are identical in substance with the interrogatories filed in the instant action; that the adjudication of the State Court in discharging plaintiff's rule for the allowance of such interrogatories is res adjudicata of the issue raised by the present interrogatories and objections. Defendants' contention in this regard is untenable as the voluntary dismissal leaves the situation as if suit had never been brought. The dismissal "carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and of defendant, and all issues, with respect to plaintiff's claim."[2]

Now, as to the first objection, to wit:

"1. The information and documents sought by the aforesaid plaintiff as set forth in the Interrogatories are incompetent and in violation of the Act of May 23, 1887, PL 158 of the Commonwealth of Pennsylvania, and the Statutes and Amendments thereto."

■ Defendants, I think, fairly summarize the above act as follows: "The Pennsylvania Act referred to above grants a privilege for the protection of a decedent's estate prohibiting a person who had any transaction with the decedent when alive from testifying to any matter occurring before the other

1. The docket entries indicate that parties plaintiff and defendants in both actions are the same, although no complaint was filed in the State Court.

2. 27 C.J.S., Dismissal and Nonsuit, § 39. See also Bryan v. Smith, 7 Cir., 174 F. 2d 212; A. B. Dick Co. v. Marr, 2 Cir., 197 F.2d 498, and United States v. Alaska S. S. Co., 1920, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (wherein it is said "Where by an act of the parties, or a subsequent law, the existing controversy has come to an end, the case becomes moot and should be treated accordingly.")

party died." That, however, does not cover the situation we have here. Of course, under the provisions of the above act, the plaintiff Stout is incompetent to testify with relation to any matters, contracts, transactions or things in controversy with decedent Houston during the lifetime of the latter.

■ In referring to this Act, Pennsylvania Standard Practice Vol. 5, § 325, page 296, states, "It is the true purpose of the statute to close the mouth of *him only* who is the adversary of the deceased person." (emphasis supplied) Furthermore, as a general proposition, executors are competent witnesses despite their right to compensation from the estate.[3] I am therefore of the opinion that the executors may be competent to testify and certainly at this point are subject to the discovery process of the Federal Rules of Civil Procedure. We are not presently concerned with the question of the admissibility of any of the information sought by the interrogatories.[4]

■ Finally, as to the objection raised at the argument, namely, that the information sought by plaintiff cannot be had under Rule 33, but rather only after a showing of good cause under Rule 34. In this regard, as to the portion of the interrogatories requesting copies of various written matter, I feel that the position of defendants is well taken. As the rules now stand, plaintiff can only secure such writings or copies thereof under Rule 34, and that means he must first show good cause.

Accordingly, defendants' objections one and two are overruled; defendants' objection three is sustained for reasons above set forth only in so far as the same relates to the production of writings or copies thereof.

---

3. Standard Pennsylvania Practice, Vol. 5, § 328, page 301, Act of May 23, 1887, P.L. 158, § 4, 28 P.S.Pa. § 314.

4. For general discussion see Vol. 4, Moore's Federal Practice, Par 33.11 et seq. (2nd Ed.)