**In re PIPER AIRCRAFT DISTRIBUTION SYSTEM ANTITRUST LITIGATION.**

**VAN–S–AVIATION CORPORATION, Appellant,**

v.

**PIPER AIRCRAFT CORPORATION et al., Appellees.**

No. 76–1360.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1976.

Decided March 15, 1977.

Edward A. McConwell, Overland Park, Kan., for appellant; Roger C. Bern, Kansas City, Mo., on brief.

---

\* Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. The Honorable James H. Gorbey, United States District Judge, Eastern District of Pennsylvania, sitting by designation in the Western District of Missouri.

The first complaint was filed in the Western District of Missouri on November 16, 1973. A second suit, naming different distributors as defendants, was filed by appellant in the Southern District of Florida on December 10, 1973, and was subsequently dismissed without prejudice on May 3, 1974. During April and May, 1975, five more suits were filed by appellant. *Van-S-Aviation Corp. v. Memphis Aero Corp.*,

John T. Martin, Kansas City, Mo., for appellee Piper Aircraft Corp.; David R. Hardy, Harry P. Thomson, Jr., R. Lawrence Ward, Thomas J. Wheatley and Stephen W. Jacobson, Kansas City, Mo., on brief.

Harry P. Thomson, Jr., Kansas City, Mo., for appellee, Gregory Aviation Co.

Before BRIGHT and WEBSTER, Circuit Judges, and SMITH, Senior District Judge.\*

WEBSTER, Circuit Judge.

Van-S-Aviation appeals from a multidistrict order of the District Court [1] dismissing its class action allegations in six antitrust actions on grounds of collateral estoppel. Appellees resist the appeal, contending that it was untimely filed and that the District Court's order was interlocutory and not appealable. We reject these contentions and reverse the order of the District Court.

Appellant is a former dealer in aircraft manufactured by Piper Aircraft corporation. Appellees are Piper and several of its distributors. In its original complaint filed November 16, 1973, in the Western District of Missouri, appellant alleged that appellees had combined and conspired in restraint of trade by means of Piper's dual pricing and distribution system in violation of section 1 of the Sherman Act, 15 U.S.C. § 1; that Piper had discriminated in prices of goods of like grade and quality sold to the defendant distributors in violation of Section 2(a) of the Robinson-Patman Act, 15 U.S.C. § 13(a); and that certain distributors violated Section 2(f) of the Robinson-Patman Act by knowingly receiving such price benefits. 15 U.S.C. § 13(f).

No. LR–75–C–107 (E.D.Ark.); *Van-S-Aviation Corp. v. Epervita, Inc.*, No. C75–803A (N.D. Ga.); *Van-S-Aviation Corp. v. Tufts-Edgcumbe, Inc.*, No. 75–2–050 (E.D.Ill.); *Van-S-Aviation Corp. v. E. W. Wiggins Airways, Inc.*, No. H75–151 (D.Conn.); *Van-S-Aviation Corp. v. Hawthorne Aero Sales*, No. CA75–678 (D.S.C.). On December 18, 1975, all pending cases were transferred to the Western District of Missouri for consolidated pretrial hearings pursuant to 28 U.S.C. § 1407 by order of the Judicial Panel on Multidistrict Litigation. *In re Piper Aircraft Distribution System Antitrust Litigation*, 405 F.Supp. 1402 (Jud.Pan.Mult.Lit.1975).

Appellant in its complaint sought to represent a class of present and former dealers of Piper in the United States who were required to purchase aircraft under Piper's distribution system through appellee distributors and, as alleged by appellant, were likewise victimized by the acts of appellee in unlawful restraint of trade.[2] The District Court [3] established a discovery schedule leading to a hearing to determine whether appellant was entitled to proceed with the case as a class action. *See* Fed.R. Civ.P. 23(c). Discovery commenced, and document inspection and other discovery took place in Iowa, Indiana and Pennsylvania. On January 28, 1976, appellees filed a motion to dismiss the class action allegations, contending that this issue had been resolved against appellant in a companion case in the Southern District of Florida and that appellant was barred from asserting it in this action on grounds of collateral estoppel. Similar motions had been filed in five other pending suits, which were thereupon transferred to the Western District of Missouri for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[4] Following a hearing, the District Court granted all motions to dismiss class action allegations in all pending cases, holding that the class action issue had been conclusively determined against appellant in a companion case in the Southern District of Florida,[5] which had thereafter been dismissed by appellant without prejudice.[6] Van-S-Aviation appeals from that order.

# I

## *Appealability*

We first consider the contention of appellees that the order of the District Court denying class action status was not an appealable order.[7] Appellant invokes our jur-

---

**2.** Appellant also sought in the first action to represent a class of dealers who were or had been Piper dealers in the area served by defendant Muncie Aviation Corporation, a Piper distributor. The order of the District Court appealed from did not deal with this second class, which was peculiar to the Western District of Missouri case, and no further reference to that class is made herein.

**3.** The Honorable Elmo B. Hunter, United States District Judge for the Eastern District of Missouri, to whom the first case was originally assigned.

**4.** *See* note 1, *supra.*

**5.** *Van-S-Aviation Corp. v. Louisiana Aircraft, Inc.*, No. 73–1871 Civ.–WM. The case was before the Honorable William O. Mehrtens, United States District Judge. In a ten page memorandum, the District Court considered in detail the requirements of Fed.R.Civ.P. 23, and found Van-S' case for class certification wanting. Particularly it concluded: (1) that Van-S, which had sold Piper products in a limited geographical area, and was no longer a Piper dealer, did not have claims typical of a national class including current Piper dealers; (2) that Van-S had not shown it had adequate financial resources to mount a national class action, and so was not a suitable class representative; (3) that diverse factual issues relating to individual distributors and dealers predominated, rather than any controlling question of law; and (4) that a class action would not be a superior method for adjudication of this controversy.

**6.** *See* note 1, *supra.*

**7.** Appellees also contend that we are without jurisdiction because the notice of appeal was not timely filed. *See* Fed.R.App.P. 4(a). The clerk of the District Court marked the notice filed on March 17, 1976. The last possible date for timely filing was March 15, two days earlier.

The date stamped on the notice by the clerk of the District Court, however, is not conclusive of the date of filing. *See Da'Ville v. Wise*, 470 F.2d 1364, 1365 (5th Cir.), *cert. denied*, 414 U.S. 818, 94 S.Ct. 40, 38 L.Ed.2d 50 (1973); *Ward v. Atlantic Coast L. R.R. Co.*, 265 F.2d 75, 81 (5th Cir. 1959), *rev'd on other grounds*, 362 U.S. 396, 80 S.Ct. 789, 4 L.Ed.2d 820 (1960); *Silverton v. Valley Transit Cement Co.*, 237 F.2d 143 (9th Cir. 1956). The operative act is the handing of the notice of appeal to the clerk of the District Court; it is open to an appellant to prove that this occurred on a date earlier than that recorded on the notice of appeal. *See Silverton v. Valley Transit Cement Co., supra*; 9 J. Moore, *Federal Practice* ¶ 203.10 (2d Ed. 1975).

Here, it is conceded that the notice was timely delivered to the clerk on March 15, and that the clerk declined to stamp it "filed" only because he had not yet received the appeal bond. The delay in posting the bond does not affect the timeliness of the notice. *See Powers v. Citizens Union Nat'l Bank & Trust Co.*, 329 F.2d 507 (6th Cir. 1964); 9 J. Moore, *Federal Practice* ¶ 207.02 (2d Ed. 1975). Appellees' claim of untimeliness is therefore without merit.

isdiction under 28 U.S.C. § 1291, relying on the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To be appealable on this basis, an order must meet these tests:

> (1) the order must be a final determination of a claim of right "separable from, and collateral to," rights asserted in the action; (2) it must be "too important to be denied review," in the sense that it "presents a serious and unsettled question"; and (3) its review cannot, in the nature of the question that it presents, await final judgment because "when that time comes, it will be too late effectively to review the . . . order and rights conferred . . . will have been lost, probably irreparably."

9 J. Moore, Federal Practice ¶ 110.10, at 133 (2d ed. 1975) (footnote omitted); *see In Re Cessna Distributorship Antitrust Litigation*, 532 F.2d 64, 67 (8th Cir. 1976); *United States v. Barket*, 530 F.2d 181, 185–86 (8th Cir. 1975), *cert. denied*, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 282 (1976); *Roach v. Churchman*, 457 F.2d 1101, 1104 (8th Cir. 1972).

██ Parties seeking interlocutory review of class action determinations have frequently invoked the collateral order doctrine. Their attempts at obtaining review in this way have been generally unsuccessful. The reason for this is clear: a typical Rule 23 order refusing to certify a class, by its nature, fails to meet the tests set out by the Supreme Court in *Cohen.*.

 First, such an order cannot usually be characterized as "final." Rather, it is the common practice to leave a class action order subject to redetermination as the litigation progresses. *See, e. g., Gerstle v. Continental Airlines, Inc.*, 466 F.2d 1374, 1377 (10th Cir. 1972); *In Re Cessna Aircraft Distributorship Antitrust Litigation*, 518 F.2d 213, 215 (8th Cir.), *cert. denied*, 423 U.S. 947, 96 S.Ct. 363, 46 L.Ed.2d 282 (1975) (order granting class status). *See also* Fed. R.Civ.P. 23(c). Second, examining the propriety of a class determination often requires an examination of the substance of the main action, so that the order appealed is not separable from the merits. *See, e. g., Share v. Air Properties G. Inc.*, 538 F.2d 279, 284 (9th Cir. 1976). Third, because denial of class status is discretionary and usually turns on the facts peculiar to a given case, it seldom presents a question of general significance. *But cf. In Re Cessna Distributorship Antitrust Litigation, supra*, 532 F.2d at 67 (questions of exceptional importance to the parties may suffice). Discretionary orders generally are not suitable for treatment under the collateral order doctrine. *See General Motors Corp. v. City of New York*, 501 F.2d 639, 647 (2d Cir. 1974), *citing Cohen v. Beneficial Industrial Loan Corp., supra*, 337 U.S. at 547, 69 S.Ct. 1221. Finally, a class action determination does not usually evade review, because it can normally be effectively examined on appeal from final judgment. *Williams v. Mumford*, 167 U.S.App.D.C. 125, 511 F.2d 363, 366, *cert. denied*, 423 U.S. 828, 96 S.Ct. 47, 46 L.Ed.2d 46 (1975); *Samuel v. University of Pittsburgh*, 506 F.2d 355, 360 (3d Cir. 1974).

Thus, nearly every court which has considered the question has found that a discretionary order refusing to certify a class is not in itself appealable.[8] *See City of New York v. International Pipe & Ceramics Corp.*, 410 F.2d 295, 299 (2d Cir. 1969); *Samuel v. University of Pittsburgh, supra; Gosa v. Securities Investment Co.*, 449 F.2d 1330 (5th Cir. 1971); *King v. Kansas City Southern Industries, Inc.*, 479 F.2d 1259 (7th Cir. 1973); *Share v. Air Properties G. Inc., supra; Gerstle v. Continental Airlines, Inc., supra. See also In Re Cessna Aircraft Distributorship Litigation*, 518 F.2d 213 (8th Cir.), *cert. denied*, 423 U.S. 947, 96 S.Ct. 363,

---

**8.** Exceptions have been made by some courts in two groups of cases: those in which the denial of class status effectively sounds the death knell of the action (*see, e. g., Eisen v. Carlisle & Jacquelin*, 370 F.2d 119, 121 (2d Cir. 1966), *cert. denied*, 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598 (1967)), and those in which denial of class status narrows the scope of injunctive relief available in the action (*see, e. g., Jones v. Diamond*, 519 F.2d 1090 (5th Cir. 1975)). Neither of these exceptions is even arguably applicable here.

46 L.Ed.2d 282 (1975); *Walsh v. City of Detroit*, 412 F.2d 226 (6th Cir. 1969) (order granting class status is not appealable).

■ This case, however, differs from those cited in an important respect. Here the denial of class status was based not on the District Court's exercise of its Rule 23 discretion, but on its determination that the result in the Florida proceeding barred it from even considering the granting of class status. Because of this different circumstance, the reasons which lead to a finding of nonappealability in the typical case are absent here.

In contrast to the usual case, the District Court's order here is plainly final; it precludes any future consideration by that court of the class action question. The order can be reviewed by us without examining the merits of the action; the only question presented, whether the Florida decision should be given collateral estoppel effect, is independent of the merits. Moreover, the basis for the District Court's order, collateral estoppel, presents an important question in the area of multi-district class action litigation. Finally, the danger of delay to the litigation if this appeal is not heard is serious enough that the class action issue, if not decided now, will "evade review." [9]

This appeal is in many respects similar to the second appeal in the *Cessna* antitrust litigation, which involved a class action defendant's claimed right to crossclaim against its codefendant. *In Re Cessna Distributorship Antitrust Litigation, supra.* Here, as there, we are faced with the claimed denial of an important right separable from the merits which, if not heard now, will evade review. As in that case, "we think it appropriate under the facts presented to treat the order as appealable under the collateral order doctrine." *Id.*, 532 F.2d at 66.

II

*Collateral Estoppel*

The District Court relied entirely upon Judge Mehrtens' order denying class action status in the Florida case. The District Court said:

In the instant motion to dismiss the class action allegations of the plaintiff, the defendants point out that Van-S is requesting the exact same class which it requested and was denied in the Florida action. Defendants claim that the class action issue was fully litigated and conclusively determined in the Florida action. They further claim that Van-S is now estopped from relitigating that issue. For the reasons stated *infra*, I agree with the defendants and therefore grant their motion to dismiss the class action allegations of the plaintiff.

\* \* \* \* \* \*

For the reasons stated above, I have decided that it would be entirely unjust and inequitable to allow plaintiff to renew its request for class action determination in six (6) other district courts after having been denied in the Florida action. It is quite clear that plaintiff is shopping around for the forum which would be the most receptive to plaintiff's views. Our system of justice does not permit this type of action. Therefore, defendants' motions to dismiss plaintiff's class action allegations and the alleged class action aspects in each of the six (6) cases will be granted.

■ There are at least four elements which must be satisfied before an order in a former action can be given collateral estoppel effect in a later proceeding:

(1) [T]he issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have

**9.** If this appeal is not heard, no record will be made in the District Court on the class action issue. Van-S, even to obtain a hearing on this issue, would have to take an appeal from final judgment. If this court should determine on that appeal that the class issue should be litigated below, a remand for that purpose would be necessary. If either party should be dissatisfied with the trial court's determination of the issue, further appeals would at some point be required.

been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment.

*Haize v. Hanover Ins. Co.*, 536 F.2d 576, 579 (3d Cir. 1976); *see* 1B J. Moore, Federal Practice ¶ 0.443[1] (2d ed. 1974); Restatement (Second) of Judgments, Tent.Draft No. 1, § 68 (March 28, 1973). It is the third of these elements—the requirement of a valid and final judgment—which is at issue here.

There are strong arguments that may be advanced for applying the rule of collateral estoppel to a class action determination when the plaintiff is engaging in multidistrict litigation. First, the evidence adduced in a fair hearing generally requires a substantial investment in discovery. A significant amount of judicial time is likely to be consumed in considering both the evidence amassed and the legal arguments arrayed in support of and in opposition to class action status. Second, assuming a fair hearing,[10] a plaintiff ought not to have unlimited bites at the apple until he can convince a single district court that he qualifies as a class representative under Rule 23. This is wasteful and runs counter to the sound administration of multi-district cases. Third, the parties and the issues in the individual cases will normally be of sufficient similarity that a factual determination in a fair hearing should be conclusive in companion cases on principles of collateral estoppel.

▮ Due to an unusual circumstance in this case, however, the District Court was foreclosed from applying collateral estoppel as a basis for denying class action status in the Missouri case. When plaintiff filed its complaint in the Florida case on December 10, 1973, it was met with motions to dismiss, to strike, and for a more definite statement for failure to comply with local court rules imposing special pleading requirements in class action cases. The Florida District Court granted the motion and

ordered the complaint dismissed, but granted appellant leave to amend its complaint to comply with local rules respecting class action cases. An amended complaint was in fact filed on March 14, 1974. The court then set the case down for hearing on April 22, 1974, to determine whether the case should proceed as a class action. The defendants in that action had not filed an answer to the amended complaint, and the case was not in fact at issue when the class action hearing took place on April 22.

On May 2, 1974, Judge Mehrtens entered his order denying class action status in the Florida case, and on May 3, 1974, appellant filed its notice of dismissal pursuant to Fed. R.Civ.P. 41(a)(1).

▮ The effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought. *See Hill v. W. Bruns & Co.*, 498 F.2d 565, 567 n.2 (2d Cir. 1974), *citing A. B. Dick & Co. v. Marr*, 197 F.2d 498, 502 (2d Cir.), *cert. denied*, 344 U.S. 878, 73 S.Ct. 169, 97 L.Ed. 680 (1952); *Bomer v. Ribicoff*, 304 F.2d 427, 428 (6th Cir. 1962); *Bryan v. Smith*, 174 F.2d 212, 214 (7th Cir. 1949); *Stout v. Mason*, 17 F.R.D. 93 (E.D.Pa.1954); Annot., 11 A.L. R.2d 1407. "It carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and defendant, and all issues, with respect to plaintiff's claim." 27 C.J.S. Dismissal and Nonsuit § 39 (1959). Neither res judicata nor collateral estoppel is traditionally applicable to a voluntary dismissal. *See* Restatement (Second) of Judgments, Tent. Draft No. 1, § 48.1(1)(b) (March 28, 1973). A class action determination is in the nature of an interlocutory order. As such, it must necessarily fall if the case itself is dismissed without a judgment amounting to an adjudication on the merits.

Rule 41(a)(1) provides:

(a) Voluntary Dismissal: Effect Thereof.

---

**10.** Appellant contends that local procedures precipitated a hearing before completion of discovery and hence denied it a fair hearing. In view of our holding on the effect of a Rule 41(a)(1) dismissal, it is unnecessary to decide this issue.

(1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

 The element of finality, essential to application of collateral estoppel, is plainly lacking in a judgment upon a Rule 41(a)(1) dismissal. Appellees argue that to allow relitigation of an issue already fully presented to the Southern District of Florida will result in a needless expenditure of resources. The choice to avoid this expenditure is not ours to make. The purpose of Rule 41(a)(1)(i) is to fix the point at which the resources of the court and the defendant are so committed that dismissal without preclusive consequences can no longer be had as of right. This point is now fixed at a relatively early stage of the proceedings: the time when the defendant first answers or files a summary judgment motion. *See Engelhardt v. Bell & Howell Co.*, 299 F.2d 480, 482 (8th Cir. 1962); 5 J. Moore, Federal Practice ¶ 41.02[1] (2d Ed. 1976); 9 C. Wright and A. Miller, Federal Practice and Procedure § 2363 (1971). To accord collateral estoppel effect to an order in a suit dismissed before this point would contravene the policy of the rule.[11] It was therefore error to base a class action determination in this case on principles of collateral estoppel.[12]

 Our holding does not open the floodgates to multiple relitigation of class action claims. The circumstances here are unique and need not be repeated. First, Rule 41(a)(1) gives a plaintiff a maximum of two bites at the apple. If a litigant who has previously dismissed his case by notice under Rule 41(a)(1) in any court seeks again to dismiss following an unfavorable class action determination, the dismissal will op-

---

**11.** Appellees would have us adopt, as the test for finality for this purpose, the formulation of the Second Circuit:

> Whether a judgment, not "final" in the sense of 28 U.S.C. § 1291, ought nevertheless be considered "final" in the sense of precluding further litigation of the same issue, turns upon such factors as the nature of the decision (i. e., that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review. "Finality" in the context here relevant may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again.

*Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80, 89 (2d Cir. 1961), *cert. denied*, 368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524 (1962); *see Zdanok v. Glidden Co.*, 327 F.2d 944, 955 (2d Cir.), *cert. denied*, 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964); *Sherman v. Jacobson*, 247 F.Supp. 261, 268 (S.D.N.Y.1965); *accord*, Restatement (Second) of Judgments, Tent.Draft No. 1, § 41 (March 28, 1973).

Whatever merit the Second Circuit's test might have, and however useful it might be in a case in which the conclusiveness of a prelimi-nary order is subject to doubt, it has no application here. The crucial fact is that Van-S dismissed the Florida action without prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(i).

**12.** The dismissal in the Southern District of Florida case is unlike the circumstances present in *Armstrong v. Frostie Co.*, 453 F.2d 914 (4th Cir. 1971), in which an answer and motion for summary judgment had been filed in response to the original complaint. The court denied the motion for summary judgment but sustained a motion to dismiss for failure to state a claim, causing an amended complaint to be filed alleging essentially the same cause of action. The Fourth Circuit held that the plaintiff did not have the right to dismissal without court order in light of the original answer and motion for summary judgment. In the Florida case, however, the defendants had filed no responsive pleadings either to the original complaint or the amended complaint and in fact did not oppose dismissal or appeal therefrom. When reviewing a defense of collateral estoppel we must take the prior adjudication as we find it.

erate "as an adjudication upon the merits" and hence will supply the basis for a collateral estoppel bar such as the District Court attempted to employ in this case.[13] Second, the District Court in the Florida case might well have deferred a hearing on the class action issue until an answer to the complaint had been filed. Thereafter, the case could have been dismissed only upon the order of the District Court and "upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2).[14] Such conditions could well include a stipulation that the class action determination would survive dismissal or be a binding determination if raised in a further action on the same claim. *See* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2367 (1971).

Accordingly, we vacate the order of the District Court denying class action status and remand for further consideration of that issue on the basis of an independent record.

13. At least one Circuit has held it to be error to permit unilateral dismissal of a case by a plaintiff after the suit had reached an advanced stage, notwithstanding no answer or motion for summary judgment had been filed. In *Harvey Aluminum, Inc. v. American Cynamid Co.*, 203 F.2d 105, 108 (2d Cir.), *cert. denied*, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953), the plaintiff dismissed under Fed.R.Civ.P. 41(a)(1) after it had been denied a preliminary injunction. On appeal from denial of defendants' motion to vacate the notice of dismissal, the Second Circuit reversed, holding that to allow a dismissal *as of right* "would not be in accord with [Rule 41's] essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached." 203 F.2d at 108. *Harvey* has since been limited to its facts, *Littman v. Bache & Co.*, 252 F.2d 479, 480 (2d Cir. 1958), and has been directly repudiated by the Sixth Circuit in *D. C. Electronics, Inc. v. Nar-*

*tron Corp.*, 511 F.2d 294, 298 (6th Cir. 1975). *See* 9 C. Wright & A. Miller, Federal Practice and Procedure, § 2363, at 157–58 (1971).

14. Fed.R.Civ.P. 41(a)(2) provides in part:

By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.