518 F.Supp. 655 (1981)
Glennon ENGLEMAN, Plaintiff,
v.
Bill HARVEY, et al., Defendants.
No. 81-412 C (1).
United States District Court, E. D. Missouri, E. D.
July 16, 1981.
Glennon Engleman, pro se.
Thomas W. Wehrle, St. Louis County Counselor, Donald J. Weyer, Sp. Asst. County Counselor, Clayton, Mo., F. Douglas O'Leary, Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for defendants.

*656 MEMORANDUM
WANGELIN, Chief Judge.
This matter is before the Court upon defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.
Plaintiff was a defendant in the recent criminal proceeding of United States v. Engleman, 489 F.Supp. 48, tape recorded conversations were used in evidence against plaintiff, such recordings being made with the aid of defendants' ex-wife  a named defendant Ruth M. Engleman. Other defendants are the various state and federal agents who participated in the investigation of the Engleman case. Plaintiff claims that the named defendants conspired to plant a transmitter on the person of defendant Ruth M. Engleman and thereby received confidential information flowing between the plaintiff and the defendant. Plaintiff claims that such acts constitute violations of the Fourth and Fourteenth Amendments to the United States Constitution bestowing a right on every citizen to be free from illegal searches and seizures, a due process violation, the deprivation of privacy, and further Sixth and Fourteenth Amendment violations in depriving plaintiff of his right to the presence of counsel before interrogation. Plaintiff seeks Thirty Two Million Dollars ($32,000,000.00) actual damages and One Million Dollars ($1,000,000.00) punitive damages from each defendant.
Each defendant has joined in the summary judgment motion and contends that plaintiff is collaterally estopped from asserting the illegality of the wiretapping of his wife and, in addition, that this issue has been litigated at both the trial and appellate levels, both of which resolved this issue against the plaintiff. Defendants contend that this action would constitute another trial of the issue of whether the taped conversations were admissible against the plaintiff. The Eighth Circuit Court of Appeals has succinctly detailed the four requirements necessary to invoke the doctrine of collateral estoppel in Van-S-Aviation Corp. v. Piper Aircraft Corp., 551 F.2d 213 (8th Cir. 1977) wherein the Court outlined these elements as:
(1) The issues sought to be precluded must be the same as that involved in the prior action;
(2) That the issue must have been actually litigated;
(3) That it must have been determined by a valid and final judgment; and
(4) That the determination must have been essential to the prior judgment. Id. at 218.
In reviewing the trial records and the appellate decision rendered in plaintiff's criminal cause it is clear that these four elements have been directly satisfied.
The Eighth Circuit has held that prior criminal proceedings can operate as an estoppel in subsequent civil proceedings "so long as the question involved was distinctly put in issue and directly determined in the criminal action." McNally v. Pulitzer Publishing Co., 532 F.2d 69, 76 (8th Cir. 1976). The text of the Opinion, United States v. Engleman, 648 F.2d 473 (8th Cir. 1981) clearly supports the contention that all issues raised in plaintiff's complaint were squarely and directly dealt with by the Eighth Circuit, and therefore summary judgment is appropriate, there being no material fact at issue.
It is proper that plaintiff be collaterally estopped from relitigating the issue of the illegality of the wiretapped conversations between the plaintiff and his wife. See, e. g., Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). It is therefore proper that defendants' motion for summary judgment be granted.