Larry W. STEFFEN, Appellant,

v.

Vernon HOUSEWRIGHT, Director, Arkansas Department of Correction, Appellee.

No. 81–1603.

United States Court of Appeals, Eighth Circuit.

Dec. 7, 1981.

Steve Clark, Atty. Gen. by Dennis R. Molock, Deputy Atty. Gen., Little Rock, Ark., for appellee.

Before ROSS and STEPHENSON, Circuit Judges, GIBSON, Senior Circuit Judge.

PER CURIAM.

Larry W. Steffen appeals from the order of the district court [1] dismissing his complaint with prejudice.

Steffen, an inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction, brought suit pursuant to 42 U.S.C. § 1983 against Vernon Housewright, Director of the Arkansas Department of Correction; Henry Cowan, Warden of the Cummins Unit; Captain Donald Dorsey, a security officer at the Cummins Unit; and Sergeant Clyde Collins, a security officer. Specifically, Steffen alleged in his complaint that certain items of property belonging to him and valued at $882.70 had been lost, stolen, or misplaced at the Cummins Unit and that contrary to department rules neither Collins nor Dorsey, who were assigned to the property room, had inventoried the property. He further alleged that both Housewright and Cowan had received numerous complaints about thefts from the property room and that Sergeant Collins was relieved of his duty in the property room due to the high volume of thefts.

Prior to instituting the above action, Steffen filed a claim in the Arkansas State Claims Commission [2] seeking compensation for the property. On August 6, 1980, he was advised by letter [3] from the Claims Commission that it had, after a hearing on the matter, ruled to allow the claim in the amount of $200. [4]

On September 18, 1980, Housewright and Cowan filed a motion to dismiss Steffen's § 1983 action on the ground that the complaint failed to allege that they were personally involved in the alleged constitutional violation. Steffen based the liability of Housewright and Cowan solely on the fact that they knew of the numerous thefts from the property room. An answer filed on behalf of defendants Dorsey and Collins denied that they had any personal knowledge of or any responsibility for the alleged thefts and requested that the complaint be dismissed as to them because the same issue presented to the district court had previously been litigated before the Arkansas Claims Commission which awarded a $200 recovery to Steffen. The award was pled as a bar to further recovery of monies as compensation for the property.

On April 27, 1981, the United States magistrate submitted his recommended disposition of the matter, suggesting that the motion to dismiss defendants Housewright and Cowan be granted and further suggesting that the doctrine of collateral estoppel precluded litigation of the claim for the lost property against defendants Dorsey and Collins. Steffen failed to file objections to the findings within the specified time period and on May 12, 1981, the district court adopted the findings and conclusions of the

1. The Honorable Elsijane T. Roy, United States District Judge, Eastern District of Arkansas.

2. Ark.Stat.Ann. § 13–1402 (1979) sets forth the jurisdiction of the Claims Commission. It provides in pertinent part:

   The State Claims Commission shall have exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments and institutions . . . .

3. The letter stated, in part:

   At a hearing before this Commission on Tuesday, July 29th, the claimant appeared and was allowed to testify at great lengths concerning this incident. The respondent was represented by the Attorney General's.

[sic] The Commission considered as evidence Affidavits from various witnesses for the claimant and testimony of Department of Correction officials.

From the testimony presented and the evidence submitted, it is the ruling of this Commission to allow the claim in the sum of $200.00 . . . .

4. Ark.Stat.Ann. § 13–1406 (1979) provides in pertinent part:

   The action taken by the Commission with respect to the allowance or disallowance of a claim, in whole or in part, shall be final and binding on all parties thereto and shall not be subject to judicial review at their instance.

magistrate, holding as to defendants Housewright and Cowan:

> The number of thefts is not, ... the determining factor in deciding whether an administrator can be held liable for constitutional violations committed by agency employees. *Rizzo v. Goode*, 423 U.S. 362, 376 [96 S.Ct. 598, 606, 46 L.Ed.2d 561] (1976) .... Since respondeat superior is not applicable in § 1983 cases, *id.*, the motion to dismiss as to Housewright and Cowan is granted.

As to defendants Dorsey and Collins, the district court held:

> The doctrine of collateral estoppel [5] precludes relitigation of factual issues actually litigated and determined in a prior suit. *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326 [75 S.Ct. 865, 867, 99 L.Ed. 1122] (1955). When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose. *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 421–422 [86 S.Ct. 1545, 1559–1560, 16 L.Ed.2d 642] (1966). This is equally true for the theory of collateral estoppel. *See Tidewater Oil Company v. Jackson*, 320 F.2d 157, 161 (10th Cir. 1963).

> It is clear that the issue presented to this Court is the same as that presented to the Claims Commission. Plaintiff obviously disagrees with the Commission over the value of his stolen property. He claims the property had a value of $882.70, and the Claims Commission calculated his damages to be $200.00. That is, however, a factual finding which cannot be relitigated in the absence of proof that the Commission's finding was clearly erroneous. No such proof has been presented in this case.

> THEREFORE, defendants' motions to dismiss will be granted, and the complaint will be dismissed with prejudice.

Steffen then filed a motion to reconsider which was denied by the district court on June 9, 1981. He then appealed to this court claiming, *inter alia*, that the district court erroneously dismissed the complaint.

■ We have carefully reviewed the briefs and record before this court and find no support for Steffen's contentions. Though Steffen was deprived of property belonging to him, he was not deprived of it without due process of law. *See Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In *Parratt*, the Supreme Court wrote:

> The justifications which we have found sufficient to uphold takings of property without any predeprivation process are applicable to a situation such as the present one involving a tortious loss of a prisoner's property as a result of a random and unauthorized act by a state employee.

> . . . .

> ... [The prisoner] has not alleged a violation of the Due Process Clause of the Fourteenth Amendment. Although he has been deprived of property under color of state law, the deprivation did not occur as a result of some established state procedure. Indeed, the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure.... Moreover, the State ... has provided [the prisoner]

**5.** There are at least four elements which must be satisfied before an order in a former action can be given collateral estoppel effect in a latter proceeding:

> (1) [T]he issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) that determination must have been essential to the prior judgment.

*Haize v. Hanover Ins. Co.*, 536 F.2d 576, 579 (3d Cir. 1976); *see* 1B J. Moore, Federal Practice ¶ 0.443[1] (2d ed. 1974); Restatement (Second) of Judgments, Tent.Draft No. 1, § 68 (March 28, 1973).
*In re Piper Aircraft Distribution System Antitrust Litigation*, 551 F.2d 213, 218–219 (8th Cir. 1977).

with the means by which he can receive redress for the deprivation. The State provides a remedy to persons who believe they have suffered a tortious loss at the hands of the State.... [W]e hold that [the remedies provided] are sufficient to satisfy the requirements of due process.

*Id.* at 541–544, 101 S.Ct. at 1915–17. For the reasons stated above and for the reasons stated by the district court, we affirm.