722 F.2d 427
 Leza PRICE, Jr., Appellant,
v.
Douglas HARRIS, Guard, Cummins Unit, Arkansas Department of
Correction, and R.A. "Butch" Stutts, Director of
the Arkansas State Claims Commission, Appellees.
 No. 83-1795.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 8, 1983.
Decided Dec. 14, 1983.
 
 Steve Clark, Atty. Gen. by A. Carter Hardage, Asst. Atty. Gen., Little Rock, Ark., for appellee.
 Arnold N. Goodman, Little Rock, Ark., for appellant.
 Before HENLEY, Senior Circuit Judge, and JOHN R. GIBSON and FAGG, Circuit Judges.
 PER CURIAM.
 
 
 1
 Leza Price, Jr., appeals from the district court's dismissal of his civil rights action brought pursuant to 42 U.S.C. Sec. 1983. We affirm.
 
 
 2
 On May 27, 1981, Price, an inmate of the Arkansas Department of Correction, placed his jewelry in a secured locker box in his cell when he went outside for a recreational period. Upon returning, another inmate informed him that a guard conducted a shakedown of his cell and removed the locker to another part of the prison to search it. The guard had an inmate pick the lock and then began to inspect the locker's contents. Because an emergency arose in another part of the prison, the guard was forced to leave the locker exposed and unprotected for several hours. When he returned, Price's jewelry was gone.
 
 
 3
 Price filed a claim with the Arkansas Claims Commission requesting compensation in the amount of $4,290.00 for his missing property. The Claims Commission conducted an evidentiary hearing, found that the guard was negligent, and awarded Price $500.00. The Commission determined that Price failed to prove by a preponderance of the evidence that the jewelry was worth the amount he claimed.
 
 
 4
 Price instituted the present section 1983 suit pro se, arguing that the Commission's award denied him due process and seeking to recover what he believed was the actual value of his property. The district court dismissed the complaint, holding that the State afforded Price adequate due process to redress his loss, see Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), and the decision of the Claims Commission collaterally estopped the district court from further litigating his claim. See Steffen v. Housewright, 665 F.2d 245, 247 (8th Cir.1981).
 
 
 5
 Price alleges that the district court erred in dismissing his pro se complaint without sua sponte granting him leave to amend, because the complaint stated an actionable fourth amendment claim cognizable under section 1983 for the shakedown search of his cell. Although the complaint briefly mentioned the shakedown search in the course of explaining how Price lost his jewelry, nothing in the complaint even remotely suggested that the shakedown was improper or unconstitutional. Price was clearly not seeking to vindicate his fourth amendment rights, but rather was attempting to relitigate in federal court the value of his missing property. Viewed in the light most favorable to Price, the complaint failed to state any valid fourth amendment claim for relief. See Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir.1974). Therefore, the district court did not err in dismissing the complaint without granting Price leave to amend on its own motion.
 
 
 6
 Accordingly, the judgment of the district court is affirmed.