**William CAPERS, Plaintiff,**

v.

**Jerry BURKE, Sgt. Bill Pierce, Tom Jackson, Thomas Murphy, Ed Kyle, Tom McDermott, Dan Hoffarth, Ron Bilyk, and Jim Nowotny, Defendants.**

No. 83–0561C(4).

United States District Court, E.D. Missouri, E.D.

Oct. 4, 1984.

---

Curtis Calloway, St. Louis, Mo., for plaintiff.

Eugene K. Buckley, Michael M. Flavin, Brown, James & Rabbitt, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

CAHILL, District Judge.

This matter is before the Court on defendants Pierce, Jackson, Murphy, Kyle, Bilyk, and Nowotny's (the defendants') motion for summary judgment; and defendant Burke's separate motion for summary judgment. The Court will heretofore treat defendant Burke's motion as a motion to dismiss.

William Capers, a federal prisoner in Ashland, Kentucky, commenced this action pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, seeking damages for alleged constitutional misconduct on the part of the defendants. After careful consideration of all the evidence presented, this Court grants the defendants' motion for summary judgment and dismisses plaintiff's cause of action against defendant Burke.

■ Plaintiff sues defendant Burke in his capacity as chief of the Normandy County Police Department. Burke, however, has no supervisory authority over the other named defendants in that they are police officers for the County of St. Louis. The plaintiff has failed to present this Court with any evidence indicating that Burke participated in or directed the activity of the police officers. Thus, plaintiff's claim against defendant Burke must be dismissed. *See Tara Enterprises, Inc. v. Humble*, 622 F.2d 400, 401 (8th Cir.1980) (cause of action dismissed against police chief who no longer had any official authority).

■ As to the other named defendants, plaintiff's cause of action must also be dismissed. In bringing the present cause of action, plaintiff attempts to relitigate the same issues that were previously decided adversely to him. *See United States v. Capers*, 685 F.2d 249 (8th Cir.1982). Thus the doctrine of collateral estoppel precludes the plaintiff from maintaining his present cause of action. *See Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Engleman v. Harvey*, 518 F.Supp. 655 (E.D.Mo.1981).

■ Plaintiff further alleges that the defendants engaged in a conspiracy directed at the plaintiff. The plaintiff asserts that the conspiracy issue was not ruled on by the trial court. The defendants correctly

point out the fact that the conspiracy claim adds nothing to the substantive counts. *See Hostrop v. Bd. of Jr. College Dist. No. 515,* 523 F.2d 569, 576–77 (7th Cir.1975), *cert. denied,* 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976).

■ Finally, plaintiff alleges that he was denied effective assistance of counsel. The plaintiff makes a bare allegation and fails to provide the Court with any evidence that would indicate he received ineffective counsel. Plaintiff carries a heavy burden when alleging he received ineffective assistance of counsel. *See United States v. Bentley,* 706 F.2d 1498, 1511 (8th Cir.1983); *Hindman v. Wyrick,* 702 F.2d 148, 152 (8th Cir.1983). It is the opinion of this Court that plaintiff has failed to meet his burden. In light of the above-mentioned reasons, this Court grants the defendants' motion for summary judgment, and dismisses plaintiff's cause of action against defendant Burke. Accordingly,

**IT IS HEREBY ORDERED** that the defendants Pierce, Jackson, Murphy, Kyle, Bilyk, and Nowotny's motion for summary judgment is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's cause of action against defendant Burke is **DISMISSED.**