**In re: Jerrel Wayne KRAFT and Deborah Ann Kraft, Debtors.**

**PRINCESS HOUSE, INC., n/k/a Former PHI, Inc., Plaintiff,**

v.

**Deborah Ann KRAFT, Defendant.**

**Bankruptcy No. 95–40362.
Adversary No. 95–4121.**

United States Bankruptcy Court, W.D. Missouri.

Jan. 30, 1996.

Timothy J. Sear, Polsinelli, White, Vardeman & Shalton, P.C., Overland Park, KS, for Plaintiff.

Joanne B. Stutz, Evans & Mullinix, Lenexa, KS, for Defendant.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Debtor Deborah Ann Kraft ("debtor") is indebted to Plaintiff Princess House, Inc. ("plaintiff") in the amount of $439,817.00 pursuant to a judgment obtained by plaintiff in the United States District Court–Western District of Missouri (the "District Court") on November 4, 1994. Plaintiff brought an adversary proceeding in debtor's Chapter 11 bankruptcy case claiming said debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). Plaintiff asked this Court to give collateral estoppel effect to the District Court judgment and to grant its motion for summary judgment. A hearing was held on plaintiff's motion for summary judgment on January 8, 1996.

Rule 7056 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that Rule 56 of the Federal Rules of Civil Procedure applies when one party moves for summary judgment in an adversary proceeding in this Court. Rule 56 states that "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Beverly Hills Foodland, Inc. v. United Food and Commercial Workers Union, Local 655*, 39 F.3d 191, 194 (8th Cir.1994). Plaintiff maintains there

is no genuine issue of material fact as to the nondischargeability of the judgment debt based upon the District Court verdict, and the District Court judgment should be given collateral estoppel effect in this adversary proceeding. A judgment debtor may be precluded from relitigating an issue that was actually litigated and decided in an earlier proceeding. *Combs v. Richardson,* 838 F.2d 112, 113 (4th Cir.1988). However, the "determination that an issue was actually litigated and necessary to the judgment must be made with particular care." *Id.* The Eighth Circuit requires that four criteria must be met before the doctrine of collateral estoppel applies: "(1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment." *Lovell v. Mixon,* 719 F.2d 1373, 1376 (8th Cir.1983) (citing *In re Piper Aircraft Distribution System Antitrust Litigation,* 551 F.2d 213 (8th Cir. 1977)). Thus, issue preclusion is limited to those issues actually litigated in a prior proceeding and essential to the judgment.

■ A brief summary of the District Court case is in order. Plaintiff makes home decoration products including lead crystal. It recruits "consultants" to sell Princess House products at in-home parties. Debtor began working for Princess House as a consultant in 1972, having been recruited by her mother. Over the years, debtor became an "organizer," which means she recruited other people to sell Princess House products at in-home parties and received a sales commission called an "overwrite" on all products her recruits sold. Debtor claims that in the mid 1980's plaintiff's product became harder to sell, and the product which was sold was backordered for long periods of time. Debtor, therefore, decided to sell Jewels by Park Lane to supplement her decreasing income. She also informed some of her Princess House recruits about the advantages of selling Jewels by Park Lane. Debtor had no restrictions in her contract with plaintiff which prevented her from selling other products at in-home parties. Her sales recruits, however, had such a restriction in their con-

tracts with Princess House. The jury found that debtor tortiously interfered with the contract between Princess House and debtor's sales recruits when she encouraged said recruits to sell Jewels by Park Lane.

■ After finding that debtor interfered with plaintiff's contractual relationships, the jury in the District Court case awarded actual damages against debtor in the amount of $357,087.00 for such interference. The jury also found that debtor willfully misappropriated and/or wrongfully used plaintiff's trade secrets and awarded actual damages in the amount of $439,817.00. There is, however, no specific provision of the Bankruptcy Code (the "Code") which provides that debts arising from tortious interference with contractual relationships or misappropriation of trade secrets are nondischargeable. *See* 11 U.S.C. § 523(a). Plaintiff, however, filed this adversary complaint under section 523(a)(6) of the Code. The issue for this Court, therefore, is whether a judgment based upon one or both of these torts is nondischargeable in a subsequent bankruptcy case pursuant to 11 U.S.C. § 523(a)(6). The dischargeability of debt is a matter of federal law governed by the terms of the Code. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991); *Brown v. Felsen,* 442 U.S. 127, 120–30, 99 S.Ct. 2205, 2208–09, 2211, 60 L.Ed.2d 767 (1979).

Section 523(a)(6) of the Code provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . . . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

11 U.S.C. § 523(a)(6). Although the jury found that debtor acted willfully, there was no finding that her actions were malicious. The issue then is whether the jury's findings are tantamount to a finding that debtor acted with malice. If so, the motion for summary judgment should be sustained, and the debt should be held nondischargeable. If not, this Court should make its own determination as to whether debtor acted both willfully and

maliciously, within the meaning of Bankruptcy Code Section 523(a)(6).

■ The Eighth Circuit holds that section 523(a)(6) is directed "at the nature of the conduct which gives rise to the debt, rather than the nature of the debt." *Johnson v. Miera (In re Miera)*, 926 F.2d 741, 745 (8th Cir.1991); *See* 3 *Collier on Bankruptcy* ¶ 523.16[1] (Lawrence P. King et al. eds. 15th ed. 1995). The Eighth Circuit also holds that conduct is intentional or willful if it is headstrong and knowing. *Barclays American/Business Credit, Inc. (In re Long)*, 774 F.2d 875, 879 (8th Cir.1985) (citing *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 332–33, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934)). Conduct is malicious if it is targeted at the creditor, at least in the sense that the conduct is certain or almost certain to cause financial harm. *Id.* The Court in *Long* goes on to state that a debtor acts with malice when he or she intends or fully expects to harm the economic interests of the creditor. *Id.* at 882.

■ In asking the Court to determine the collateral estoppel effect of a jury verdict, plaintiff has the "burden of introducing a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action." *Bender v. Tobman*, 107 B.R. 20, 23 (S.D.N.Y.1989). Plaintiff alleges that the actions of debtor, as proven in the District Court, constitute conduct which resulted in willful and malicious injury to the plaintiff. Plaintiff submitted the jury instructions which were given to the jury prior to its deliberation. Jury Instruction No. 24 provides that:

> In order to prevail on a claim for tortious interference, Princess House must prove the following elements:
>
> 1. The existence of a protectable contractual relationship between the plaintiff and a third party;
>
> 2. That the defendant knew of the relationship or expectancy;
>
> 3. That the defendant caused the third party to breach or terminate the contract;
>
> 4. That the defendant caused the breach or ending of the relationship intentionally and without justification or excuse; and
>
> 5. That the plaintiff suffered damages as a result of the defendant's interference.

Doc. # 10, Ex. G, pg. 28. Plaintiff argued at the hearing that the fourth element of tortious interference requires the equivalent of a finding that debtor's actions were willful and malicious. Plaintiff claims that debtor's conduct, which caused the breach of plaintiff's contractual relationship with third parties, was certain or almost certain to cause plaintiff financial harm. Therefore, under *Long*, plaintiff argues such conduct is malicious. Such reasoning, if adopted, would mean that actions of a debtor which have the incidental effect of harming plaintiff would be considered malicious. But, as the Eighth Circuit has held, "[f]or conduct to be malicious under *Long* ... the conduct must not only be 'certain or almost certain to cause ... harm,' it must also be targeted at the creditor." *In re Miera*, 926 F.2d 741, 744 (8th Cir.1991), citing *In re Long*, 774 F.2d at 881. In other words, the jury must have found that debtor's conduct was motivated by an "intent to cause injury" to plaintiff, "rather than [being] merely an 'intentional act which causes an injury.'" *Id.* at 880. Here, the fact that the jury found that debtor, acting in her own self-interest, took steps which resulted in harm to plaintiff, does not necessarily mean that the jury also found that she acted with malice towards the plaintiff.[1]

In Instruction No. 26 the jury was instructed that it had discretion to award punitive damages if it found debtor's conduct to be "outrageous because of her evil motive or because of her reckless indifference to the rights of others." Doc. # 10, Ex. G, pg. 31.

---

1. At the hearing, plaintiff's counsel cited *In re Hallahan*, 113 B.R. 975 (C.D.Ill.1990), in which a Court found that a debt arising out of an intentional breach of a covenant not to solicit was "willful" and nondischargeable under Section 523(a)(6). In making such holding, the Court's analysis did not include a finding that such conduct was also malicious. In this Circuit, courts recognize that the elements of "willfulness" and "malice" are distinct, and must be analyzed separately in applying Section 523(a)(6). *Long*, 774 F.2d at 880–81.

The jury did not award punitive damages. Thus, the only possible basis for collateral estoppel is the finding that debtor acted "intentionally and without justification or excuse." Doc. #10, Ex. G, Jury Instruction No. 24 at pg 28. Such finding—without more—does not translate into a holding that debtor acted both willfully and maliciously. Therefore, I cannot find that the issue of debtor's malicious conduct was actually litigated in the District Court case.

For these reasons, I find that there is a genuine issue of material fact as to whether debtor acted with malice when she interfered with plaintiff's contractual relationships and misappropriated plaintiff's trade secrets. Plaintiff's motion for summary judgment is, therefore, DENIED.

Within 15 days of the date of this Order, counsel should prepare a joint pretrial Order, should determine the approximate amount of time required for trial, and should obtain a trial date from the Court.

IT IS SO ORDERED.