# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-2501

_____

| | | |
|---|---|---|
| Andre Williams, | * | |
| | * | |
| Plaintiff/Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Jerry Campbell, Administrator, | * | Appeal from the United States |
| Furniture Industry, Wrightsville Unit, | * | District Court for the |
| Arkansas Department of Correction; | * | Eastern District of Arkansas. |
| Charlie Daniels, Program Manager, | * | [UNPUBLISHED] |
| Furniture Industry, Wrightsville Unit, | * | |
| Arkansas Department of Correction, | * | |
| | * | |
| Defendants/Appellees, | * | |
| | * | |
| Bobby Joe King, Supervisor, Furniture | * | |
| Industry, Wrightsville Unit, Arkansas | * | |
| Department of Correction, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted:  June 12, 1998

Filed:  August 13, 1998

_____

Before WOLLMAN and MURPHY, Circuit Judges, and DOTY,[1] District Judge.
_____

PER CURIAM.

Andre Williams appeals from the district court's[2] judgment and order dismissing his complaint filed pursuant to 42 U.S.C. § 1983 on grounds of res judicata. We affirm.

**I.**

Williams is a state inmate at the Wrightsville Division of the Arkansas Department of Corrections (the state). He was assigned to the Furniture Industry Unit at Wrightsville in the early part of 1993. On April 8, Williams accidentally severed his thumb while operating a miter saw during the performance of tasks assigned to him.

Represented by counsel, Williams filed a claim with the Arkansas State Claims Commission. The commission unanimously found the state "to have once again been negligent in failing to provide adequate training to those inmates assigned to the 'saw shop.'" It further found the state to have been "negligent in failing to provide continuous supervision of shop inmates with qualified instructors/foremen, especially as it concerns newly assigned and inexperienced workers." The commission awarded Williams $5,000 in damages.

Williams then filed a section 1983 complaint in district court, naming the administrators and supervisors of the Wrightsville Unit Furniture Industry and the state

_____

[1]The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

as defendants, claiming that they had violated his constitutional rights by not properly training and supervising him regarding the operation of the factory machinery, resulting in the loss of his thumb.

The magistrate judge[3] entered findings and recommended that summary judgment be granted and the complaint dismissed on grounds of res judicata. The district court reviewed the report, adopted its findings and recommendations, and dismissed the claim. Our review of the court's grant of summary judgment is de novo. See Downs v. Hawkeye Health Services, Inc., 1998 WL 348201 at *2 (8th Cir. July 1, 1998).

## II.

When an administrative agency acts in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, principles of res judicata apply. See Steffen v. Housewright, 665 F.2d 245, 247 (8th Cir. 1981) (per curiam); Price v. Harris, 722 F.2d 427, 428 (8th Cir. 1983) (per curiam). These principles require that "a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action." United States v. Gurley, 43 F.3d 1188, 1195 (8th Cir. 1994) (quoting Montana v. United States, 440 U.S. 147, 153 (1979)).

A claim is precluded under res judicata principles if four elements have been established: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action. See In re Anderberg-Lund Printing Co., 109 F.3d 1343, 1346 (8th Cir. 1997).

---

[3]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

Whether a second lawsuit is precluded generally turns on whether its claims arise out of the "same nucleus of operative facts as the prior claim."  Gurley, 43 F.3d at 1195 (quoting Lane v. Peterson, 899 F.2d 737, 742 (8th Cir. 1990)).  "The legal theories of the two claims are relatively insignificant because 'a litigant cannot attempt to relitigate the same claim under a different legal theory of recovery.'" Gurley, 43 F.3d at 1195 (quoting Poe v. John Deere Co., 695 F.2d 1103, 1105 (8th Cir. 1982)).  The essential test is "whether *the wrong for which redress is sought* is the same in both actions.'" Gurley, 43 F.3d at 1196 (quoting Roach v. Teamsters Local Union No. 688, 595 F.2d 446, 449 (8th Cir. 1979)) (emphasis supplied in Gurley).

Here, as in his claim before the commission, Williams seeks redress for his injuries resulting from what the commission found to have been negligence on the part of the state in failing to properly train and supervise him regarding operation of the saw. Thus, Williams is essentially attempting to relitigate his personal injury claim in federal court because he is unsatisfied with the damage award he received.

We conclude that Williams's prior litigation of this same issue against the state and its privies, arising out of the identical nucleus of operative facts, and seeking to redress the identical wrong, precludes his current claim.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.